## LOCKHART *vs.* WHITE *et al.*, executors.

One claiming a specific performance of a parol contract concerning land, alleged that he had bought from his brother-in-law, who had since died. There was evidence to show that, while in life, his brother-in-law had stated that the land belonged to the complainant; that complainant was then in possession of the land, and put valuable improvements upon it. The court charged the law as to the evidence necessary to establish the contract in order to obtain a specific performance, as laid down in *Beall et al., ex'rs, vs. Clark et al.*, 71 *Ga.* 818, but refused to charge that a specific performance of a parol contract as to land will be decreed if the defendant

admits the contract, but added, "that is, when both parties admit the contract, or when respondent comes in and admits it in his answer; the executors denied it:"

*Held*, that such a qualification of complainant's request was error.

December 21, 1886.

Specific Performance. Charge of Court. Before Judge HARRIS. Troup Superior Court. November Term, 1885.

Reported in the decision.

T. H. WHITAKER; B. H. BIGHAM, for plaintiff in error.

F. M. LONGLEY, by brief, for defendants.

BLANDFORD, Justice.

This was a bill filed for specific performance. The jury, under instructions by the court, returned a verdict for defendants. The plaintiff moved the court for a new trial, which being denied, he excepted, and assigns as error the grounds taken in the motion for a new trial.

The main error relied on by plaintiff in error is the eighth ground in the motion for new trial, to-wit: When the jury returned to court to be recharged, the judge charged the jury the decision of this court in the case of *Beall et al., ex'rs, vs. Clark et al.*, which had been published in a newspaper (which charge was a correct statement of the law as to the evidence necessary to establish contract in a case of specific performance). The plaintiff's counsel, in that connection, asked the court to charge the jury that a specific performance of a parol contract as to land will be decreed if defendant admits the contract. The court replied, that is, when both parties admit the contract, or when respondent comes and admits it in his answer; the executors denied it.

We think it was error for the court to have qualified the request of plaintiff as he did, under the facts in proof as shown by the record, the facts being that Frost, while in life, had stated the land belonged to Lockhart; that he had

sold the land to Lockhart. The contract could be proved by the admissions of Frost, when in life ; and as it appeared that Lockhart was in possession of the land at the time the admissions or statements of Frost were made ; that he put valuable improvements upon the same; that they (Frost and Lockhart) were brothers-in-law; and that Frost was dead and Lockhart's lips closed, it will do no harm to grant a new trial in this case · the ends of justice seem to require it.

Judgment reversed.