MAGRUDER, sheriff, *v.* THE CITY COUNCIL OF AUGUSTA, and *vice versa.*

Under the facts, the judge did not abuse his discretion in granting a temporary injunction.

November 21, 1890.

Injunction. Taxation. Before Judge RONEY. Columbia superior court. October term, 1890.

Petition for injunction by the city council against the sheriff, to restrain the enforcement of executions for State and county taxes for the years 1875-1889, issued by the tax-collector of Columbia county, and levied by the sheriff upon the bulkhead and dam of the Augusta canal and other property therewith connected in that county, assessed by the collector at $40,000. The canal belongs to the plaintiff; it was constructed under act of the General Assembly of 1845, for the purpose, among others, of better securing an abundant supply of water to the city; and it extends seven miles from Augusta in Richmond county, a quarter of a mile of it (including its bulkhead and the dam across the Savannah river)

lying within Columbia county.  It is alleged that the executions are illegal for several reasons, among them that the property is held by the plaintiff as public property, and as such it is exempt under the constitutions of 1868 and 1877 and the laws in pursuance thereof; that there is no provision of law or means for assessing or taxing it; that the canal would be valueless without the dam and bulkhead, and they would be valueless without it; that there is no legal authority for the assessment or taxation of the dam and bulkhead independently of the balance of the canal, of which they form a necessary part; that no machinery has been by law provided for the return of the property represented in the canal, for State and county taxes, and until such machinery is provided the property is not liable to taxation; and that the property levied on is not subject to taxation by Columbia county, because it does not lie within that county. Besides demurring generally, the defendant answered, setting up that the property levied on is located in Columbia county, and is not exempt from taxation, because the canal is not public property within the meaning of the constitution and of the act of December 11, 1878, as it is used by the plaintiff for the purpose of corporate profit and income.  It appeared that the canal has been used for supplying the city with water for drinking, fire and health purposes, and, since 1884, by the public as a free, navigable water-way, and that the city rents water-power from it for manufacturing purposes.  No assessment for taxation has ever been made against the canal property by Richmond county, nor by Columbia county until 1889.  The judge overruled the demurrer, and held that the canal, so far as used for corporate gain, is liable for taxation, but as it is used also by the public without profit to the city council, its whole value should be ascertained and only so much of this value as is represented by the use for profit and

gain should be liable; that the executions, proceeding as they are against the assessed total value of the bulkhead, dam and locks, without any effort being made to separate the taxable from the non-taxable value thereof, should not be allowed to proceed for the whole amount claimed, it being apparent that in no event can more than a part be due; that this objection would apply even if the entire canal were liable to taxation, the evidence showing that the bulkhead, locks, etc. are worthless without the canal and the canal valueless without them, and there being no legal machinery to arrive at the uncertain and necessarily arbitrary values in the two counties; and that, there being no legal method for valuing the parts of the whole, and no effort to do so having been made in the assessment on which the executions issued, they should be enjoined until final hearing, when the other matters raised by the pleadings and evidence can be more properly disposed of. The defendant took exceptions to this decision; and by cross-bill the plaintiff excepted to so much of it as holds that any part of the canal is liable for taxation, alleging that it should have been held that the canal is public property and exempt from all liability to taxation.

FRANK H. MILLER and BOYKIN WRIGHT, solicitor-general, for the sheriff.

JOHN S. DAVIDSON, for the city council.

SIMMONS, Justice.

Under the facts in this case, the trial judge did not abuse his discretion in granting a temporary injunction. It was a wise and legal exercise of the powers of a court of chancery. As at present advised, we are inclined to think that the property levied on by virtue of these tax executions is public property, and all the income derived therefrom public income and not "used for purposes of private or corporate profit or income." If hereafter the

plaintiff in error shall insist upon a trial before a jury, and the evidence adduced at the trial shall turn out to be materially different from the facts as they appear in this record, we would not, if the case should again come before us, hold the present plaintiff in error bound by the above intimation, but would allow the case to be re-argued upon the new state of facts, or by throwing more light upon those now in the record. We will not deal with the cross-bill of exceptions filed by the defendant in error, further than we have done in the above inti-mation, as it does not except to the judgment of the court, but to the reasoning by which the court reached its conclusion ; and besides, the same question as to the granting of a temporary injunction will not again arise in the court below. *Judgment affirmed.*