## OGLESBY GROCERY COMPANY v. WILLIAMS MANUFACTURING COMPANY.

A memorandum relied upon to take out of the statute of frauds a contract thereby required to be in writing must in some way indicate or show who are the parties to such contract, " not only who is the promisor, but who is the promisee as well."

Submitted November 10, — Decided November 29, 1900.

Complaint. Before Judge Willis. City court of Columbus. July term, 1900.

*Little & Burts*, for plaintiff.
*W. A. Wimbish* and *C. R. Williams*, for defendant.

FISH, J. The Oglesby Grocery Co., a corporation, sued the Williams Manufacturing Co., another corporation, for $490, as damages alleged to have been sustained by the plaintiff, by reason of the breach by the defendant of an alleged contract for the sale to the plaintiff of 200 barrels of "pure Georgia cane syrup," at 23 cents per gallon, it being alleged that the barrels of syrup would average 35 gallons apiece. It was alleged that the contract was in writing and signed by the Williams Manufacturing Co., and that a copy of the same was attached to the petition as an exhibit. Attached to the petition, as such exhibit, was the following memorandum:

"Williams Manufacturing Co., Columbus, Ga.

"200 — 1/2 Barl. Ga. Cane, .23.

"Dec. 1, 1899. [Signed] Williams Mnfg. Co."

The defendant demurred to the petition, upon the ground that it appeared therefrom that the alleged contract was within the statute of frauds, and no "memorandum in writing sufficient to bind this defendant was entered into between the parties," and that "there was no such part performance or payment of earnest money to bind the

bargain as is required by the statute of frauds and by section 2693 (7) of the Civil Code of 1895." The court sustained this demurrer, and the plaintiff excepted.

The defect upon which counsel for defendant in error rely is, that the memorandum "failed to disclose the name of the purchaser, or to designate him" so "that he could be identified." They therefore contend that the memorandum is not sufficient to take the alleged contract out of the statute of frauds. This position is well taken. Granting that this meager memorandum is sufficient in other respects to meet the requirements of the statute of frauds, it fails to set forth a contract, because it does not show or describe who the parties to the contract are. It takes two parties to make a contract; and a writing which names only one party, and does not in any manner indicate who the other party is, does not set forth a contract. It is well established that where the statute requires the contract to be in writing, there can be no binding contract unless both parties thereto are named in the writing, or so described therein as that they may be identified. Clark on Contracts, 118; Browne on St. Fr. §§ 372, 373; Wood on St. Fr. 655 n., 668; Reed on St. Fr. § 401; and the numerous cases cited by these authors to this effect. In Benjamin on Sales, 7th American (Bennett's) ed. § 231, it is declared that "it is settled to be indispensable that the written memorandum should show not only who is the person to be charged, but also who is the party in whose favor he is charged." We can well apply to this case the language used by Sir James Mansfield, C. J., in the leading English case decided in 1805, where the memorandum was signed by the vendor, who was the defendant, but the name of the purchaser did not appear therefrom. "How can that be said to be a contract or memorandum of a contract which does not state who are the contracting parties? By this note it does not appear to whom the goods were sold. It would prove a sale to any other person, as well as to the plaintiff." Champion *v.* Plummer, 1 Bos. & P. N. R. 252. Counsel for the plaintiff in error admit that this is the general rule which obtains elsewhere, but contend that, "under our statutes and the construction placed thereon by this court, . . parol testimony was admissible to explain the terms of this agreement and to show the parties thereto, especially so when the contract or memorandum was signed by the party sought to be charged therewith." After quoting so much of section 2693

of the Civil Code as is applicable to this case, they contend that "The statute itself does not require that the names of both parties to the agreement shall appear in the contract or memorandum." It is true that our statute of frauds does not, in express terms, make this requirement. It provides that, "to make the following obligations binding on the promisor, the promise must be in writing signed by the party to be charged therewith, or some person by him lawfully authorized." Civil Code, § 2693.

While the statute does not in express terms require that both parties shall be named or described in the writing, such is its legal effect. It requires the *promise* to be in writing. There can be no promise without both a promisor and a promisee; and the promise is not in writing, unless the writing shows, in some way, who the promisee is. The memorandum relied upon in the present case does not even indicate the existence of a promisee. In a leading American case (Grafton *v.* Cummings, 99 U. S. 100) the Supreme Court of the United States held, "That in order to satisfy the requirements of the statute of frauds of New Hampshire, the memorandum in writing of an agreement for the sale of lands, which is signed by the party to be charged, must not only contain a sufficient description of them, together with a statement of the price to be paid therefor, but in that memorandum, or some paper signed by that party, the other contracting party must be so designated that he can be identified without proof." The statute of New Hampshire which the court had under consideration did not expressly require that the names of both parties to the contract should appear in the writing. It provided that "No action shall be maintained upon a contract for the sale of land, unless the agreement upon which it is brought, or some memorandum thereof, is in writing, signed by the party to be charged, or by some person by him authorized thereto by writing." Mr. Justice Miller, delivering the opinion of the court, said: "The statute not only requires that the agreement on which the action is brought, or some memorandum thereof, shall be signed by the party to be charged, but that the agreement or memorandum shall be in writing. In an agreement of sale there can be no contract without both a vendor and a vendee. There can be no purchase without a seller. There must be a sufficient description of the thing sold and of the price to be paid for it. It is, therefore, an essential element of a contract in writing that it

shall contain within itself a description of the thing sold, by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who buys it."

Counsel for the plaintiff in error rely upon the case of *Mohr* v. *Dillon*, 80 *Ga.* 572.   In that case it was held that "An auctioneer's memorandum as follows: 'Sale in front of store, June 18, 1886, D. R. Dillon (Mohr Bros.) A. Mohr, 100 acres of land, fronting Waters R., at 15¾, $1,575,' being ambiguous on its face, may be explained by parol evidence; and in this case, evidence showing that the land was bounded in a certain way and fronted on Waters road, that the D. R. Dillon referred to was the owner of the land which was sold for him by the auctioneer, and that the A. Mohr named was the purchaser, was properly admitted." The decision in that case was based upon the provision of the code that, "in cases of sales by auctioneers, the auctioneer shall be considered the agent of both parties, so far as to dispense with any further memorandum in writing than his own entries;" and the provisions in reference to the admissibility of parol evidence to explain all ambiguities, both latent and patent.   There the auctioneer who conducted the sale was, when he made the memorandum, the agent of both the parties, and when he made the entry upon his book it was as though both parties had signed it.   The name of both the seller and the purchaser appeared in the memorandum, but there was an ambiguity as to which one was the seller and which one was the purchaser, and this ambiguity the court held could, under our statutes, be explained by parol proof.   There is nothing in the decision rendered in that case which conflicts with the conclusion at which we have arrived in this.   Here the memorandum is signed by only one of the parties, and the name of the other party neither appears therein nor is there anything which, in the slightest degree, even tends to indicate who the other party is.   To use the expressive language of Chief Justice Bleckley in *Lester* v. *Heidt*, 86 *Ga.* 220, "Its deficiency is one of omission, not of imperfect or obscure expression.   Its infirmity is not doubtful or ambiguous speech, but utter silence."

A case decided by this court which is directly in point is that of *North* v. *Mendel*, 73 *Ga*, 400, in which North & Company sued Mendel & Brother "for five boxes pork bellies, 124 pieces, 2817 pounds, at 8 cents, $225.36," alleged to have been shipped by the

plaintiffs upon a telegram sent from Savannah to the plaintiffs at Boston, by one Freeman, who the plaintiffs claimed was a broker and the defendants claimed was the agent of the plaintiffs. The telegram was as follows: "Mendel five bellies eight. Ehrlich offers seven-eights ten bellies lighter than last." In Freeman's' entry-book, under the same date as that of the telegram, was the. following entry, in his handwriting: "Sold account C. H. North & Co., Mendel, 5 bellies, 8." This court held that, even taking the telegram and the memorandum together, "This was not a sufficient memorandum in writing to comply with the requirements of the statute of frauds, so as to bind Mendel & Brother as purchasers. It fails to set out the purchasers or quantity and price of the article sold, and parol evidence was not admissible to supply these defects." Hall, J., said, in the opinion, "'Mendel,' of itself and unaided by other evidence, could not be taken as the firm name of the defendants, while '5 bellies, 8,' is, to the last degree, enigmatical, if not wholly unintelligible." An examination of the cases of *Houston v. Bryan,* 78 *Ga.* 181, *Depauw* v. *Kaiser,* 77 *Ga.* 176, *Wilson* v. *Coleman,* 81 *Ga.* 297, and *Roberts* v. *Matthews,* 77 *Ga.* 460, which are cited by counsel for the plaintiff in error, will show that there is nothing decided in either of them which at all conflicts with the decision which we render in the present case. The court below committed no error in sustaining the demurrer to the plaintiff's. petition.  *Judgment affirmed. All the Justices concurring.*