## CORBIN v. DURDEN.

A contract of sale of growing trees concerns an interest in realty, and under the Civil Code, § 2693 (4), must be in writing. A receipt in these words, "Received of A. Corbin $50.00, as part payment on Dekle and Boyd tracts of timber," signed by the vendor, does not comply with the statute, because of the omission of the purchase-price. Nor will partial payment of the purchase-price, unaccompanied by possession, except the case from the statute.

Argued June 7,—Decided August 9, 1906.

Injunction.    Before Judge Rawlings.    Emanuel superior court.
February 8, 1906.

*Williams & Bradley,* for plaintiff in error.

*Saffold & Larsen,* contra.

EVANS, J.    B. R. Durden, alleging himself to be the owner of a
described·tract of land, sought to enjoin Ark Corbin and S. R. Wil-
liamson from cutting and removing the timber thereon.    The damage
to the freehold resulting from cutting the timber was declared in the
petition to be irreparable, for reasons given; and the defendants were
alleged to be insolvent.    In response to the rule nisi, the defend-
ants offered their sworn answer, wherein they admitted that plaintiff
was the owner of the land, but averred that he sold to Corbin all
the pine timber on the land described in the petition which was
suitable for sawmill purposes, at and for the sum of five hundred
dollars, and gave to Corbin the following receipt:  "Rec'd of
A. Corbin $50.00 as part payment on Dekle and Boyd tracts of
timber.    This 11th day of Sept., 1905.    [Signed] B. R. Durden."
The defendants further averred that Corbin had tendered to plain-
tiff, before entering on the land for the purpose of cutting the
timber, the balance of the agreed purchase-price.    That portion of
the pleadings alleging the insolvency of the defendants, and that
the damages which 'would result to the land from cutting the
timber would be irreparable, was denied.    The plaintiff demurred
to the defendant's answer, because the sale was by parol and the
receipt was insufficient to take the case out of the statute of frauds.
The court granted an injunction, and the defendants excepted.

The interlocutory judgment granting an injunction was based
on the pleadings, no other evidence having been submitted.    Inas-
much as the plaintiff affirmed and the defendants denied the in-
solvency of the defendants and that the damages would be irrep-
arable, the court, without abusing its discretion, might well de-
cide these issues with the prevailing party.    With these issues
eliminated, the correctness of the judgment complained of turns
on the validity and effect of the parol sale of the timber, the ven-
dor receiving part of the purchase-money and giving his receipt
therefor.    It is no longer an open question in this State that trees
growing upon land constitute part of the realty, and a sale of them
must, under the statute of frauds (Civil Code, § 2693, par. 4), be
in writing.    *Coody* v. *Gress Lumber Co., 82 Ga.* 793; *Balkcom* v.

*Empire Lumber Co.,* 91 *Ga.* 651; *Pritchett* v. *Davis,* 101 *Ga.* 242. "The writing, in order to be sufficient to satisfy the statute, must be coextensive with the stipulations; it must cover the entire contract." *Lester* v. *Heidt,* 86 *Ga.* 228. Conceding the contention of the plaintiff in error that the descriptive words, "Boyd and Dekle tracts of land," appearing in the receipt, are sufficiently definite to refer to a particular body of land, so as to allow aliunde parol evidence to locate it (see *Ansley* v. *Green,* 82 *Ga.* 181; *Mohr* v. *Dillon,* 80 *Ga.* 575), yet the receipt does not contain the whole contract, because the price is not stipulated. It has been often remarked that the same reasons which forbid parol proof of the entire contract which the statute requires to be in writing just as cogently apply to supplying any omission of its terms by verbal evidence. There is not the slightest suggestion in the receipt of a purchase-price, and this omission is fatal to the writing as an effective compliance with the statute of frauds. *Turner* v. *Lorillard,* 100 *Ga.* 645. The receipt of a part of the purchase-money is not such part performance as will take the case out of the statute. It is only in cases where partial payment of the purchase-money is accompanied with possession that it will amount to part performance so as to take the contract out of the statute. Civil Code, § 4037. The vendor never yielded possession, and as soon as the vendee entered upon the land and began to cut the trees he instituted this action to enjoin the cutting and removal of the timber. The contract of sale being unenforceable, because it was not in writing, the unaccepted tender of the balance of the purchase-money did not give it legal effect.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*