### EDENFIELD *v.* MILNER *et al.*

LUMPKIN, J.   1. An entry of levy by a constable in these words: "Georgia, Emanuel County. I have this day levied the within fi. fa. on one-half interest in 123 acres, more or less, in the 58th District, G. M., of said county, adjoining lands of John Edenfield Sr., and others, as the property of W. A. Oliver, defendant; legal notice given said W. A. Oliver; property pointed out by the plaintiff," was too indefinite and uncertain to authorize the sale of the half interest in any particular tract of land. Civil Code, § 6026; *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958), and citations.

2. Such a levy gave no authority to the sheriff to sell, not a one-half interest in the tract of land containing 123 acres, more or less, but the entire interest in a tract described as containing sixty-one and a half acres more or less.

3. The uncontradicted evidence showing that the plaintiff, who sued in her own right, was 25 years of age when the suit was brought, and that the other plaintiff, for whom she appeared as next friend, was 20 years of age at that time, prescription could not have run against either of them, and therefore it is unnecessary to determine whether the sheriff's deed would have been admissible as color of title.

4. The evidence was sufficient to authorize the recovery of a one-half interest in the land for which suit was brought, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
JULY 11, 1912.

Complaint for land. Before Judge Rawlings. Emanuel superior court. April 10, 1911.

*Saffold & Larsen,* for plaintiff in error.
*Williams & Bradley,* contra.