## DURHAM *et al. v.* DAVISON *et al.; et vice versa.*

The description of land relied upon by the plaintiffs in the petition for specific performance, to show a complete and valid contract for the sale and purchase of the land, is contained in the following advertisement, which contained the offer of the owners to sell (price and terms being elsewhere set forth): " 382 acres in village of Woodville, Greene County, Ga., 35 miles south of Athens, 100 miles east of Atlanta, on Georgia Railroad; high school and church, two-story residence, good

4

water, 7 tenant-houses, fruits, nuts, oak, pine, hickory, poplar and other wood; Bermuda grass pasture, soil varied with clay subsoil, and adapted to general farming, stock raising, dairying, fruit and nut culture; good crops of cotton (no boll-weevil), corn, peas, peanuts, cane, hay, etc., this year. 5 or six horses cleared." *Held,* that this description was insufficient to meet the requirements of the law and the provisions of the statute of frauds in regard to contracts for the sale of land.

Nos. 3419, 3421. JULY 12, 1923.

Petition for specific performance. Before Judge Park. Greene superior court. August 22, 1923.

*Noel P. Park* and *Callaway & Howard,* for plaintiffs.

*Miles W. Lewis,* and *Joseph G. Faust,* for defendants.

BECK, P. J. J. L. Durham and W. P. McWhorter brought their equitable petition against C. C. Davison, John T. Boswell and his wife, T. C. Davison, and Hal Davison, and prayed for a decree of specific performance of a contract for the sale of land. One of the controlling issues in the case is, whether or not the various writings contained a complete valid contract for the sale of the land in question, which satisfied the requirements of the law and the provisions of the statute of frauds. It is alleged that C. C. Davison, Mrs. John T. Boswell, Thomas Davison, and Hal Davison owned a tract of land in the village of Woodville, Greene County, Georgia, and in an advertisement published in a newspaper of the county offered the land for sale; that the offer was accepted by the plaintiffs in certain writings consisting of letters and telegrams; and that the advertisement and. writings referred to, construed together, constituted a binding contract in writing for the sale of the land to the plaintiffs, who accepted the offer made. Whether this contention is well founded depends upon whether or not the land is sufficiently described in the advertisement referred to. That advertisement reads as follows:

" Farm for Rent or Sale. 382 acres in village of Woodville, Greene County, Ga., 35 miles south of Athens, 100 miles east of Atlanta, on Georgia Railroad; high school and church, two-story residence, good water, 7 tenant-houses, fruits, nuts, oak, pine, hickory, poplar and other wood; Bermuda grass pasture, soil varied with clay subsoil, and adapted to general farming, stock raising, dairying, fruit and nut culture; good crops of cotton (no boll-weevil), corn, peas, peanuts, cane, hay, etc., this year. 5 or six horses cleared. Rent, lease, or sale to responsible party.

" C. C. Davison, Mgr., Cuthbert, Ga., or John T. Boswell, Greensboro, Ga."

Questions similar to that here presented have been discussed in various decisions of this court, especially in cases where the sufficiency of description in deeds has been under consideration; and what was said in those cases in regard to the sufficiency of deeds' of conveyance is applicable to the issues here presented. For, if the description in the advertisement was not sufficient in definiteness to meet the requirements of the description of the land if sold by conveyance, it is not sufficient here to make a complete and valid contract for the sale of the land. After a careful consideration of the description of the lands which the plaintiffs claim the defendants offered to sell them, we have reached the conclusion that it was insufficient to meet the requirements of the law. · In the case of *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691), it was said: "The description is too vague and indefinite. for the deed to have effect as a conveyance of title. It neither indicates the shape of the tract nor the metes and bounds of the land purporting to be conveyed. A deed is not invalid where the description is imperfect, if the instrument refers to extrinsic data by means of which the land may be identified. Likewise an ambiguous descriptive clause may be aided by aliunde evidence. But such imperfect or ambiguous descriptions must not be confounded with a description utterly lacking in definiteness. A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." And in the case of *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513), wherein this court had under consideration a deed containing the following description of a tract of land: " All that tract or parcel of land situated, lying and being in said State and county (Taliaferro), containing two hundred acres, more or less, bounded as follows: on north by land of E. I. Anderson; on east by lands of. Daniel Evans, colored; on south by land of Addison Ogletree; on west land said Absalom G. Evans and Mary E. Evans," after ruling that the instrument passed no title because the deed failed to identify any particular tract of land, said: " It is, of course, inferable that he and his wife intended to convey to their son, R. O. Evans, a parcel of land approximating in quantity 200 acres and constituting a portion of the homestead estate. The difficulty is,

that they did not specify any boundary line, or lines, between the land they intended to convey and that which they intended to reserve." Of course it must not be inferred from the quotation that the court there held, or that we are now holding, that the description of the land conveyed, in order to satisfy the requirements of the law, must specify certain boundaries or boundary lines, or that all the owners of contiguous lands must be named, or that any of them must be named; for a general description, though ambiguous, may suffice, if the ambiguities can be cleared up, or the complete description be supplied by aliunde evidence. Deeds conveying "my home place," or "the home place of A.," or "my Little River plantation," have been held to be sufficient to admit aliunde evidence to make the description free from ambiguity, or make it definite. But, as was remarked in the case of *Luttrell* v. *Whitehead,* supra, the insufficient or ambiguous description must not be confounded with the description lacking in definiteness. The key to the confines of the lands purporting to be conveyed must be in the deed itself or in the contract for the sale of lands, where a written contract is relied upon; and where such general words are used as, "my home place," or "the old Johnson homestead," these words, though general, contain the key to the confines. But the lines of the tract of land sought to be conveyed, or the key to these lines must appear in the writing, or the deed fails to pass title. See also, in this connection, *Edenfield* v. *Milner,* 138 *Ga.* 402 (75 S. E. 319), and *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410).

In the case of *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958), it was said: "One essential of a deed is that the description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identification. While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the

quantity and location of the land therein referred to, so that its identification is practicable. The description in the deeds offered in evidence in the present case was totally inadequate; the land was not described as a known tract, nor was its shape indicated, nor metes and bounds given, nor the names of the adjoining land-owners on the different sides mentioned, nor were there any descriptive words employed which could serve to identify or locate the land." Upon a casual reading of the description contained in the advertisement referred to it might appear that the elaborate description would satisfy the requirements as to definiteness, in view of the holding in certain of our cases that a general description which furnishes a key to the identification of the land intended to be conveyed might be sufficient, in connection with extrinsic evidence, to show the precise location and boundaries of such tract. But a description of land sold or contracted to be sold may apparently be very elaborate, and yet not sufficient. Much that appears in this advertisement, appropriate to an advertisement because it serves to attract attention and give a general idea of the location of the land, affords no aid whatever when it comes to fixing the boundaries of the land actually sold. For instance, to illustrate, the statement that the farm was " 35 miles south of Athens, 100 miles east of Atlanta, on the Georgia Railroad; high school and church; . . fruits, nuts, oak, pine, hickory, poplar and other wood; Bermuda grass pasture, soil varied with clay subsoil, and adapted to general farming, stock raising, dairying, fruit and nut culture; good crops of cotton (no boll-weevil), corn, peas, peanuts, cane, hay, etc.," although it constituted by far the greater portion of the description, contains no key whatever to the lines and boundaries of the 382-acre tract. The description thus set forth was, no doubt, very appropriate to an advertisement to attract the attention of a purchaser; but the words, " 382 acres in Greene County, in the village of Woodville, a two-story house, 7 tenant-houses," serve more for identification than the larger portion of the advertisement; but they did not fix the boundaries nor afford a key by which they could be fixed. All of those things — the two story house, the tenant-houses, Bermuda pasture, and other pasture fields — might very well have been located upon a tract of 100 acres of land, or even a small tract of land, and in no way indicated the outer boundaries

of the entire tract. In the case of *Tippins* v. *Phillips,* supra, it was held that specific performance will not be decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identification; and in the discussion of the propositon Mr. Justice Evans, who wrote the opinion in the case, said: "The statute of frauds requires all contracts for the sale of land or any interest therein to be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Civil Code, § 2613 (4). Every essential element of the sale must be in the writing, to meet the statutory requirement. One of the essentials is that the land must be so described that it is capable of identification. While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed. Parol evidence can not be invoked in aid of a vague and uncertain description, but is available, under the maxim *id certum est quod certum reddi potest,* to show the application of a description which itself furnishes a means of identification. If the land is so imperfectly and indefinitely described in the writing that no particular tract or lot is designated, parol evidence is not admissible to supply a description. *Douglass* v. *Bunn,* 110 *Ga.* 159." See also the case of *Gatins* v. *Angier,* 104 *Ga.* 386 (30 S. E. 876).

We therefore conclude that the description of the land in the advertisement, which advertisement formed a part of the contract relied upon to make it a complete written contract, was insufficient to meet the requirements of the law and the provisions of the statute of frauds. Having reached a conclusion adverse to the plaintiffs in error upon this controlling question, the judgment of the court below must be affirmed.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*

HINES, J., concurs specially.