WEST *v.* VANDIVIERE *et al.*

No. 13585.    APRIL 17, 1941.    REHEARING DENIED MAY 16, 1941.

92

*James H. Dodgen,* for plaintiff.

*H. G. Vandiviere* and *A. W. Vandiviere,* for defendants.

BELL, Justice. The petition shows upon its face that the alleged agreement for sale of the land was in parol. The defendant's demurrer, raising as it did the contention that the alleged agreement was not in writing (Code, § 20-401), and that no facts were alleged to show any exception to the statute of frauds (§ 20-402), was properly sustained. But the real controversy arises over the provision in the Code, § 37-802, that "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract. . . " There is a distinct allegation in the petition that the defendant admits the contract. Whether the admission there referred to was in writing, or was itself verbal, the petition does not disclose. In *Lockhart* v. *White, 77 Ga.* 786, this court reversed a judgment where the trial judge qualified a requested charge that specific performance of a parol contract as to land will be decreed if the defendant admits the contract, by adding thereto the following words: "that is, when both parties admit the contract, or when respondent comes in and amits it in his answer; the executors denied it." In the opinion in that case it was said: "We think it was error for the court to have qualified the request of plaintiff as he did, under the facts in proof as shown by the record, the facts being that Frost, while in life, had stated the land belonged to Lockhart; that he had sold the land to Lockhart. The contract could be proved by the admissions of Frost, when in life; and as it appeared that Lockhart was in possession of the land at the time the admissions or statements of Frost were made; that he put valuable improvements upon the same; that they (Frost and Lockhart) were brothers-in-law; and that Frost was dead and Lockhart's lips closed, it will do no harm to grant a new trial in this case; the ends of justice seem to require it."

In a preliminary conference in the instant case, we invited briefs from counsel on the question whether the decision in *Lockhart* v. *White,* supra, should not be reviewed and overruled in so far as it held, or seems to have held, that an oral admission as to making the agreement will satisfy that part of the statute above quoted. A parol agreement for the sale of land, otherwise unenforceable under the statute, can not be made the basis of a suit for specific performance merely because it is alleged and proved that at some time, somewhere, the defendant orally admitted it. Even an admission to that effect in an answer will not be a sufficient basis for a decree of specific performance of an oral agreement for the sale of land, where the defendant duly invokes the statute of frauds. As early as 1850 this court ruled: "If a bill is filed to enforce a parol agreement respecting lands, and the defendant in his answer admits the contract, without insisting on the statute of frauds, the court will decree a specific performance, upon the ground that the defendant has renounced the benefit of the statute. But if the defendant should, by his answer, admit the parol agreement, and yet insist upon the benefit of the statute, he will be entitled to it, notwithstanding such admission." *Hollingshead* v. *McKenzie,* 8 *Ga.* 457.

What is now Code § 37-802 was contained in the Code of 1863, as § 3119, except that the word "contract" appeared as "judgment," which is believed to be a mere inadvertence. The section must be construed in the light of what had previously been ruled in *Hollingshead* v. *McKenzie,* since the section is not of statutory origin. The ruling in that case was followed in *Douglass* v. *Bunn,* 110 *Ga.* 159, 165 (35 S. E. 339), and in *Mendel* v. *Miller,* 134 *Ga.* 610 (68 S. E. 430). If it be the law that a defendant may in his answer admit the contract, and yet successfully urge the statute of frauds because it was verbal, it can not be that although, as in the present case, he urges the statute of frauds, the original contract being oral, he nevertheless will be bound if the plaintiff can show that he orally admitted the verbal agreement. Any such interpretation of the Code provision would virtually destroy the statute of frauds. We therefore hold that the decision in *Lockhart* v. *White,* supra, is unsound, and on formal review it is overruled in so far as it may be in conflict with what is now ruled, and with the other decisions hereinbefore cited.

It does not appear from the petition whether the admission was in parol or in writing. While, if it did not so appear as to an agreement required by law to be in writing, the presumption would be that it was in writing (*Crovatt* v. *Baker,* 130 *Ga.* 507, 61 S. E. 127), no such presumption would arise as to a mere admission by one that he made the contract; and in such case it would be incumbent on the plaintiff to allege that the admission was in writing, in order to satisfy the statute of frauds. The court did not err in sustaining the demurrer and dismissing the action. See further, on admitting the contract, *Capital City Brick Co.* v. *Atlanta Ice & Coal Co.,* 5 *Ga. App.* 436 (63 S. E. 562); *Marks* v. *Talmadge Co.,* 8 *Ga. App.* 556 (69 S. E. 1131); 27 C. J. 371, § 448. *Judgment affirmed. All the Justices concur.*