18590. PIERCE *v.* RUSH.

SUBMITTED MAY 11, 1954—DECIDED JUNE 14, 1954.

*Elizabeth Brown, Maddox & Maddox,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith,* contra.

ALMAND, Justice. The exception here under review is to an order sustaining a general demurrer to a petition seeking specific

performance of an alleged written contract for the purchase of real estate, and for a money judgment. The petition of Emmie Pierce in substance alleged: The plaintiff on April 10, 1953, was the owner of a named tract of land which had been subdivided into lots, and on this date J. L. Todd and Sproull Dempsey, doing business as J. L. Todd Auction Company, acting "as her agents and auctioneers," sold to the defendant, J. J. Rush, as the highest and best bidder, 19 lots. At the time of the sale the defendant paid to J. L. Todd Auction Company, the agents of the plaintiff, one-third of the amount bid on each of the lots, and the auctioneers "made entries and memoranda of such sales." The defendant executed a writing as to the purchase of the lots. Attached to the petition as exhibits were 6 alleged purchase agreements signed by the defendant. On April 28, 1953, the petitioner executed her warranty deed conveying the lots purchased by the defendant and tendered the deed to him, who refused to accept the deed and refused to pay the balance due on the purchase money. The prayers of the petition were for a decree of specific performance of the alleged contract of purchase, and for a money judgment for the balance of the purchase money. Two grounds of the general demurrer to the petition were: (a) that the petition shows on its face that the contracts alleged therein were within the statute of frauds, and the written memoranda of such contracts were void and unenforceable; and (b) that the memoranda signed by the defendant were unilateral "and not signed by the auctioneer or the owner of the land, and failed to create any obligation on the part of the defendant which can be enforced by the owner."

All of the alleged memoranda of sale are substantially the same except as to the numbers of the lots and the sale price and terms thereof. Exhibit A is as follows: "State Ga. County Floyd District 22nd Date April 10, 1953 Sale of Rockridge Heights— J. M. Pierce Property J. L. Todd Auction Company Agents only Tract No. 93 Lot No. 1 Measuring 120 x 300 On highway Sold to_____for the sum of $2,900.00 On terms (sgd. pd. check $966.67) of_____Agreement To Be Signed by Purchaser I, the undersigned purchaser of the above lot _____at auction, do hereby agree to take same and make settlement as

per above statement immediately after sale. Signed J. L. Rush (sgd.) (Seal)." None of the exhibits purport to have been signed by J. L. Todd and Sproull Dempsey doing business as J. L. Todd Auction Company. Nor do any of the exhibits contain the name or names of the owner of the property sold by the auctioneers, or purport to be signed by anyone as owner or agent of the owner of the properties sold.

To authorize a decree of specific performance of a contract for the purchase of land, the contract must be clear, distinct, and definite. *Potts* v. *Mathis,* 149 *Ga.* 367 (100 S. E. 110). Equity will not decree against a purchaser specific performance of a contract, where by the terms of the contract no specific performance could be decreed against the seller. *Peacock* v. *Deweese,* 73 *Ga.* 570. The remedy, if it exists at all, must be mutual and reciprocal. *Jackens* v. *Nicolson,* 70 *Ga.* 198 (3). To constitute a valid sale of real estate which will support a suit for specific performance, the writing relied on to take the transaction out of the statute of frauds must (a) identify the buyer and seller, (b) describe the subject matter of the contract, and (c) name the consideration. Code § 20-401 (4); *Oglesby Grocery Co.* v. *Williams Mfg. Co.,* 112 *Ga.* 359 (37 S. E. 372); *F. & W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321 (127 S. E. 872); *Cashin* v. *Markwalter,* 208 *Ga.* 444 (3) (67 S. E. 2d 226).

Sales of land by an auctioneer are within the statute of frauds. *White* v. *Crew,* 16 *Ga.* 416 (3). Though in case of a sale by auction the auctioneer is considered as the agent of both the seller and the purchaser, so far as to dispense with any further memorandum in writing than his own notation (Code § 96-114), the memorandum relied upon to take the sale out of the operation of the statute of frauds must in some way indicate or show who are the parties to the contract, not only who is the purchaser, but who is the seller. *Oglesby Grocery Co.* v. *Williams Mfg. Co.,* supra. The memorandum in the instant case cannot be treated as a memorandum made by the auctioneer under Code § 96-114 which is binding on both parties, for that would not require the signature of the purchaser. *Rhyne* v. *Mayhugh,* 156 *Ga.* 243 (2) (119 S. E. 522). All that the purported contract of sale in this case amounts to is a writing signed by the purchaser to pay the balance of the purchase price of certain numbered

lots, without the writing disclosing who is the seller or who is obligated to make a conveyance of the property. The writings relied upon to constitute valid contracts for the sale of real estate, wholly failing to show the identity of any party who is bound to make a deed to the lots described in the memorandum signed by the defendant to pay the balance of the purchase money, did not constitute valid and binding contracts for the sale or purchase of the land, and were incapable either of being enforced in equity or as a basis for an action at law for the balance of the purchase money. The case of *Mohr* v. *Dillon*, 80 *Ga.* 572 (5 S. E. 770), relied on by the plaintiff, is not in point here, for the reason that the court there found that the memorandum by the auctioneer was sufficient to identify both the seller and the purchaser.

The contention that the defendant having paid part of the purchase price of the lots, there has been such part performance of the contract as would bring the transaction out of the operation of the statute of frauds, and within the exception provided by Code § 20-402 (3), is without merit. "The receipt of a part of the purchase money is not such part performance as will take the case out of the statute. It is only in cases where partial payment of the purchase money is accompanied with possession that it will amount to part performance so as to take the contract out of the statute." *Corbin* v. *Durden*, 126 *Ga.* 429, 431 (55 S. E. 30). It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*