27670. POWELL v. ADDERHOLDT et al.

SUBMITTED JANUARY 8, 1973 — DECIDED FEBRUARY 15, 1973 — REHEARING DENIED MARCH 8, 1973.

*Whelchel, Dunlap & Gignilliat, Weymon H. Forrester,* for appellant.

*R. Wilson Smith, Jr., Reed & Dunn, Robert J. Reed,* for appellees.

MOBLEY, Chief Justice. J. D. Adderholdt, as executor of the will of William T. Campbell, brought an equitable petition for direction, alleging the claims of Albert E. Poole and Jude Poole that each had by oral contract bought a tract of land from the deceased, and seeking

direction as to whether he should execute deeds to them, upon payment of the balance due by them. The petition named as defendants Albert E. Poole; Jude Poole; Mrs. Onie P. Campbell, to whom the deceased had devised the life estate in the tract of land from which the claimants asserted the deceased had sold them their tracts; and Mrs. Carro Campbell Powell, the daughter of the deceased, to whom the deceased had devised the remainder interest.

The jury found in favor of the claims of Jude Poole and Albert E. Poole. Mrs. Carro Campbell Powell appealed from the judgments entered on these verdicts. Error is enumerated on the refusal of the court to direct a verdict with respect to the claim of Albert E. Poole.

In his answer Albert E. Poole asserted that the allegations of the petition were correct that on August 14, 1965, he purchased described property, containing about 18 acres, from the deceased, the purchase price being $4,250, that he has paid the amount of $1,950, including the original payment of $300 on the date of purchase, and that he has offered to pay to the executor the balance due, with interest. He prayed that the executor make him a deed.

Mrs. Onie P. Campbell did not file any answer. Mrs. Carro Campbell Powell denied that the contract of sale had been made, and also asserted that if the contract was made, it was not in writing and was unenforceable, being in violation of the Statute of Frauds, Code § 20-401 (4).

1. The appellant in her brief disclaims any intention to appeal from the judgment in favor of Jude Poole. The judgment in his favor is therefore affirmed.

2. Code § 20-401 (4) provides that any contract for the sale of land, to be binding on the promisor, must be in writing.

Where writings are relied on to take the transaction out of the Statute of Frauds they "must (a) identify the buyer and seller, (b) describe the subject matter of the

contract, and (c) name the consideration." *Pierce v. Rush,* 210 Ga. 718, 720 (82 SE2d 649).

The only written evidence produced by Albert E. Poole was a small account book and a rough drawing, both found in the possession of the deceased, in a desk drawer, among canceled checks and other papers. The account book had the notation on one page "17 or 18 acres." On another page it had "land book" and then "Albert E. Poole bought land from Mr. W. T. Campbell August 14, 1965 this book will show payments." Then followed dates and amounts of payments, which totaled $1,920. The rough drawing had the words at the top, "Albert Poole land mark," and at the bottom, "Bought August 14, 1965 from W. T. Campbell." Around the sides of the drawing of an irregular rectangle were the notations: "Road 2600 feet - 225 ft. - 2600 feet - Gulley 481 ft." No other descriptive words were given.

These writings were insufficient to constitute a written contract of sale, since no particular land was described, and the terms of the sale were not given. *Durham v. Davison,* 156 Ga. 49 (118 SE 736); *Rush v. Autry,* 210 Ga. 732 (82 SE2d 866).

3. The appellee contends that the transaction comes within the exception to the Statute of Frauds in Division 3 of Code § 20-402, as follows: "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance."

The evidence shows that the appellee has paid less than one-half of the purchase price. It has been repeatedly held that partial payment of the purchase money alone, when not accompanied with possession of the property, is not such part performance of the contract as will render it a fraud of the party refusing to comply, if the court did not compel a performance. For instance, see: *Corbin v. Durden,* 126 Ga. 429 (55 SE 30); *Harris v. Underwood,* 208 Ga. 247 (1) (66 SE2d 332); *Pierce v. Rush,* 210 Ga. 718, 721,

supra; *Rush v. Autry,* 210 Ga. 732 (3), supra; *Sikes v. Sims,* 212 Ga. 391 (2) (93 SE2d 6).

The evidence does not show possession by Albert E. Poole which will take the transaction out of the Statute of Frauds. The land was in timber. He testified unequivocally that he had not done anything to the land; had not cut timber on it; had not farmed it; had not planted a garden on it; had never plowed a field on it; had never built a fence around it; had never built a house on it; had never returned it for taxes. The only evidence relied on to show possession was his testimony that he had cut some firewood on it two or three winters ago, and "had been around it lot of times."

4. Code § 37-802 provides in part: "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, . . ."

The petition of the executor alleged that Mrs. Onie Campbell, devisee of the life estate in the land to which the claim had been made, had consented to the making of the deed. However, the devisee of the remainder interest (the appellant) did not consent. The appellant has invoked the Statute of Frauds in her pleadings.

In *West v. Vandiviere,* 192 Ga. 90 (14 SE2d 711), it was held that the admission of the defendant referred to in Code § 37-802, as applied to pleadings, was an admission of the fact of the contract, without an insistence on the Statute of Frauds; and that a defendant would be entitled to insist upon the benefit of the Statute of Frauds, even though he admitted the fact of the contract.

The case of *West v. Vandiviere,* supra, further held that mere verbal admissions of the promisor to others that he had made a contract would not satisfy the conditions of Code § 37-802, but such admission must be in writing to satisfy the Statute of Frauds. To hold otherwise would mean that the provisions of the Statute of Frauds requiring land contracts to be in writing could be nullified by oral testimony that the promisor had made statements

admitting the contract which is sought to be enforced.

The testimony of several witnesses, in the present case, that the deceased had stated to them that he had sold land to Albert Poole, would not authorize a judgment in favor of Albert Poole.

5. Under the foregoing rulings, the trial judge erred in refusing to direct a verdict against the claim of the appellee that he should have the contract enforced, and the judgment in favor of the appellee is reversed.

6. The jury was authorized to find under the evidence that the appellee had made payments under the invalid oral contract of sale. The estate of the deceased would not be entitled to retain these payments, since the contract can not be enforced. See *Rush v. Autry,* 210 Ga. 732 (4, 5), supra. We therefore direct that, when the case is returned to the trial court, a judgment be entered for Albert E. Poole for the amount which the jury found that he had paid on the invalid oral contract.

*Judgment for Jude Poole affirmed. Judgment for Albert E. Poole reversed, with direction. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

GUNTER, Justice, dissenting. The majority decision reverses a judgment based on a jury verdict which was in favor of the existence of a parol contract for the sale of land which should be specifically performed.

I am of the opinion that the evidence before the jury in this case created an issue of fact with respect to the existence of the contract for the sale of land, and that the majority decision holding that the evidence demanded a judgment for the appellant is erroneous.

Our Code § 37-802 provides that "the specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, . . ."

Our Statute of Frauds, Code § 20-401, provides that for a contract for the sale of land to be binding upon the seller, it must be in writing and signed by the seller or his agent.

It is readily apparent that there is a conflict between Code §§ 37-802 and 20-401. Also, an exception to the Statute of Frauds is contained in our Code § 20-402 (3), such exception being as follows: "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance."

In this appeal the appellant relies solely on the Statute of Frauds to prevent specific performance of the alleged oral contract for the sale of land.

In this case the alleged seller is deceased, and the opposing parties, one of them, the appellant, are his executor and a devisee under the will of the deceased.

The attorney for the executor of the estate of the deceased testified that there was found among the personal papers of the deceased a "land book" which contained the following in writing: "Albert E. Poole (appellee) bought land from Mr. W. T. Campbell August 14, 1965, this book will show payments." "Price $4,250.00". The "land book" then lists the dates of 33 payments totaling $1,920.00. It is thus clear to me that if this "land book" was a document of the deceased, and if the deceased actually received these thirty-three payments on the purchase price, then the deceased "admitted" in writing the oral contract of sale even though the signature of the deceased did not appear in the "land book." In addition to this "land book" evidence, there was the testimony of several witnesses to the effect that the deceased had stated to them that he had sold the land to the appellee, Albert Poole.

I conclude that this evidence, both oral and in writing, was sufficient to create a fact issue for determination by a jury. From this evidence the jury could have concluded that the deceased had admitted the contract in writing, though the writing was not signed by the deceased, in compliance with Code § 37-802. From this evidence the jury could also have concluded that there was such part

performance of the oral contract as would take it out of the Statute of Frauds pursuant to Code § 20-402 (3), and that for the personal representative of the deceased to refuse to comply with the contract would render such refusal a fraud upon the appellee.

In short, I think the jury could have decided the issue either in favor of specific performance of the alleged contract or against specific performance of the alleged contract. I do not think this evidence demanded either conclusion.

It is significant that the majority decision acknowledges the oral contract and the payments made thereon, because it directs restitution to the appellee for the thirty-three payments made and merely holds that the contract was unenforceable since the Statute of Frauds was asserted by the appellant.

I think the majority decision does a disservice to Code § 37-802 because it prohibits the jury from determining whether the seller admitted the oral contract in writing.

I would affirm the judgment based on the verdict of the jury in this case.

I respectfully dissent.