## 31287. HAIRE et al. v. COOK.

HILL, Justice.

This appeal arises from the grant of defendant's motion for summary judgment. In addition, it involves matters relating to default, disqualification of the trial judge, mortgage, consideration for an option, and the statute of frauds. The material facts as to which there is no genuine issue are as follows:

In 1966 plaintiff Aaron M. Haire acquired two tracts of land containing approximately 337 acres. In 1968, a bank holding a security deed on his property threatened foreclosure. The defendant Dole Cook became aware of the threatened foreclosure but made no commitments until he discussed the matter with Randolph Haire, Aaron's brother. Defendant admitted on deposition that at this meeting, attended only by himself and Randolph Haire (since deceased), he agreed that in exchange for a warranty deed from Aaron Haire he would pay Aaron Haire's debt to the bank and would reconvey the property to Aaron's son Steven Haire upon his attaining age 21 and paying the defendant the principal plus eight percent interest.

On February 12, 1968, Aaron Haire duly executed and delivered a warranty deed for the property to the defendant for the stated consideration of ten dollars and other valuable consideration. There was no mention made of the oral agreement at this meeting. The defendant issued his check for $69,000 to the bank. Aaron Haire and his family remained in possession of the land.

Steven Haire became 21 on October 10, 1969. He leased the property from the defendant by written leases for the years 1970, '71, '72, and '73. The 1973 lease expressly acknowledges that the defendant is the fee simple owner of the property.

Aaron Haire filed suit January 9, 1973. The original complaint alleged that the oral agreement was that plaintiff Aaron Haire would repay defendant Cook the amount the defendant paid the bank, plus interest at eight percent, by the time Steven Haire became 21 in the fall of 1969. It was alleged that the warranty deed of February 12, 1968, was intended to secure repayment of plaintiff's obligation to defendant but that defendant has refused to accept repayment. Plaintiff alleged that some payments had been made to defendant and prayed for a determination of the amount due and, upon payment of that amount, cancellation of the deed as a cloud on plaintiff's title.

The defendant, represented by counsel of record, filed a timely answer denying the material allegations and raising the defense of laches. By amendment, the defendant asserted the statute of frauds as a defense in that the alleged oral agreement involved the sale of land and was not to be performed within one year.

After the taking of the depositions of plaintiff Aaron Haire and defendant Dole Cook, an amended complaint was filed adding Steven Haire as a plaintiff, striking the material allegations and prayers of the original complaint, and alleging in lieu of the original claim essentially the same allegations as before except as to plural plaintiffs and adding allegations seeking to excuse lack of tender and praying for reformation of the deed.

A consent order was entered on November 16, 1974, by the judge of the Pataula Judicial Circuit allowing the amended complaint and requiring the defendant to answer it within thirty days. In late February 1975 plaintiff presented to the presiding judge, but did not file, a motion for partial summary judgment based on default. The defendant's amended answer was not filed until February 27, 1975, at which time costs were paid. On March 11, 1975, the defendant filed a verified motion stating that the defendant did not consent to the court's order of November 16, 1974. On March 14, 1975, defendant filed a motion to open default and for an order allowing his amended answer.

The presiding judge disqualified himself by reason of relationship to one of defendant's counsel by order dated

and made effective as of March 13, 1975. Thereafter his successor granted defendant's motion to open default and later granted defendant's motion for summary judgment as to each plaintiff separately.

Plaintiffs appeal, enumerating error on the order allowing the default to be opened and the order granting summary judgment.

1. Code Ann. § 81A-155 (a) provides that "If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default unless the time for filing the answer has been extended as provided by law." Code Ann. § 81A-115 (a) provides that when required by an order of the court, a defendant shall plead to an amended complaint within 15 days after service of the amendment unless the court orders a different time for response.

Plaintiffs urge that the defendant's amended answer was not filed within the time required by Title 81A and that this case was in default as of 30 days after the court's order of November 16, 1974, requiring the defendant to respond within 30 days.

Plaintiffs urge that when defendant's answer to the amended complaint was filed on February 27, 1975, the case was in a phase 2 default. (See Davis and Shulman's Ga. Prac. & Proc., § 8.8 (4th Ed.)). No default judgment (phase 3) was ever entered on plaintiff's motion.

Defendant's counsel urges that the presiding judge was disqualified by Canon 3C(1) (d) (ii) of the Code of Judicial Conduct effective January 1, 1974 (231 Ga. A-1) by reason of the relationship between the judge and one of defendant's counsel, as shown by the order of disqualification dated March 13, 1975. Disqualification under Canon 3C is mandatory. *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975). Defendant's counsel urges that the presiding judge's order of November 16, 1974, requiring the defendant to answer the amended complaint, therefore was void, nugatory and of no force and effect. Defendant cites *Howard v. Warren,* 206 Ga. 838 (4) (59 SE2d 503) (1950), *Garland v. State,* 110 Ga. App. 756, 758 (140 SE2d 46) (1964), and *Lamas v. Baldwin,* 128 Ga. App. 715, 717 (197 SE2d 779) (1973), for the proposition that an order entered by a

disqualified judge is nugatory. Defendant's counsel urges next that the disqualification of a judge can only be waived in writing signed by all parties and lawyers pursuant to Canon 3D of the Code of Judicial Conduct, supra. Defendant's counsel urges further that although the lawyers signed the November 16, 1974, order consenting to the filing of plaintiff's amended complaint, the parties did not.

We are unable to agree that the only means of waiving the disqualification of a judge is an agreement in writing signed by all parties and lawyers. In *Ga. Power Co. v. Watts,* 184 Ga. 135 (9) (190 SE 654) (1937), it was held that "A waiver of disqualification of a judge may be effected expressly by agreement, or impliedly by proceeding without objection with the trial of the case with knowledge of the disqualification." Affidavits filed on behalf of plaintiffs in the case before us state that the relationship of judge and counsel was and has been known to all parties. No counter-affidavit as to this point has been made.

Plaintiffs urge that the defendant, with knowledge of the disqualification of the presiding judge, cannot ignore it until after an order affecting the defendant is entered and then have said order declared null and void retroactively. We agree and find that the court below did not err in refusing to make the disqualification retroactive, did not err in refusing to declare the November 16, 1974, order to be void, and did not err in treating the case as being in default.

Defendant urges that even if this case were in default, the court did not err in allowing it to be opened. We agree. This is not the usual type of default. The defendant did not ignore the process of the court and refuse to respond to its summons. The original answer of the defendant was duly filed.

The default in this case was similar to a failure to answer interrogatories or a failure to respond to requests for admissions. Viewing the true nature of the default, we find that the court below did not abuse its discretion under Code Ann. § 81A-155 (b) in opening the default on the ground that a proper case had been made for the default to be opened. *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d

178) (1974); *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) (1975); *Foster Co. v. Livingston,* 127 Ga. App. 317 (193 SE2d 626) (1972).

Where a defendant answers the original complaint but fails to comply with an order requiring an answer to an amended complaint, the trial court has plenary power to vacate or modify its order, and under normal circumstances the exercise by the trial court of its discretion to open default will not be overruled.

2. We now turn to the merits of the trial court's grant of summary judgment. First it should be noted that this is not a suit for rescission of a deed based upon alleged fraud in procurement or mistake of material fact. It is not a suit for reformation of a deed based upon alleged mutual mistake of fact.

Plaintiffs contend alternatively that the deed was in fact intended to act as security for a debt (a mortgage), or was accompanied by a valid option in favor of plaintiffs to repurchase the land.

Concerning the mortgage theory, Code Ann. § 67-104 provides that "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried." The converse is equally true, that a deed absolute on its face not accompanied with possession of the property may be proved by parol evidence to be a mortgage only. *Davis v. Akridge,* 199 Ga. 867 (1) (36 SE2d 102) (1945).

In *Spence v. Steadman,* 49 Ga. 133 (2) (1873), the court noted that it is often difficult to distinguish between a mortgage and an absolute deed of conveyance accompanied by the right of future repurchase at an agreed price, saying: "The great cardinal rule for testing the intent seems to be whether or not the relation of debtor and creditor was intended to exist between the parties—whether the property was taken in satisfaction and discharge of the sum due or advanced; or whether, notwithstanding the words of the conveyance, the relation of debtor and creditor was still to exist, to wit: the right of the one to demand, and the obligation of the other to pay." See also *Hobbs v. Houston,* 195 Ga. 571 (2) (24

SE2d 884) (1943).

In the case before us there is no evidence that the grantee had the right to demand repayment and no evidence that either plaintiff agreed to be obligated to repay the debt. The oral agreement of the defendant did not create a debtor-creditor relationship between himself and either plaintiff. Thus the deed cannot be considered to be a mortgage.

Concerning the option to repurchase theory, it should be noted that the evidence is undisputed that such option, if binding, was in favor of Steven Haire, not Aaron Haire. It should be noted further that plaintiffs claim an option to repurchase was given, not a contract to repurchase (which contract would be binding upon plaintiffs). Finally, it should be noted that, to be binding, there must be consideration for an option. *Prior v. Hilton & Dodge Lumber Co.,* 141 Ga. 117 (1) (80 SE 559) (1913).

Defendant urges that there was no consideration for the option to repurchase. Plaintiffs argue that their promise to pay interest, upon repurchase, over and above the purchase price provided the consideration necessary to make the option a binding agreement.

However, there was no evidence whatsoever of any promise by Aaron Haire or Steven Haire to pay interest on the purchase price. Where A agrees with B that C shall have an option to purchase property at a fixed or determinable purchase price, and the consideration for the option is to be included in the purchase price, the agreement lacks consideration because by the nature of an option there is no obligation that the purchase price (including the consideration) be paid.

On the other hand, consideration for the granting of the option may be found in the deed from Aaron Haire to the defendant. Code Ann. § 20-302; ALI Restatement of the Law of Contracts § 83.

The defendant urges that even if the option were supported by a valid consideration, it is unenforceable under the statute of frauds.

The plaintiffs concede that the transaction here in issue generally would be subject to the statute of frauds. Plaintiffs rely upon Code § 37-802 as making the statute of frauds inapplicable in this case. They point to the

language of Code § 37-802 which reads: "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract . . ." This provision has been interpreted in *West v. Vandiviere,* 192 Ga. 90 (14 SE2d 711) (1941), and *Powell v. Adderholdt,* 230 Ga. 211, 214 (196 SE2d 420) (1973), so as to conform it to *Hollingshead v. McKenzie,* 8 Ga. 457 (1850). Defendant urges that *Hollingshead* and its progeny should be distinguished or overruled.

We decline to re-examine *Hollingshead* and the cases which followed it because, even if Code § 37-802 were reinterpreted so as to create an "admissions" exception to Code § 20-401 (4) relating to parol contracts concerning land, Code § 37-802 would not provide an exception to Code § 20-401 (5) which requires that agreements not to be performed within one year be in writing.

In the case before us, the alleged contract was made not later than February 12, 1968, when the deed was executed and delivered. Steven Haire's 21st birthday was October 10, 1969. Thus the option was not to be exercised within one year from the making thereof, and plaintiffs' claim is barred by subsection (5) of the statute of frauds even if not barred by subsection (4).

The undisputed facts show that the option was unenforceable under the statute of frauds, Code § 20-401 (5), and the court below did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Gunter and Hall, JJ., who dissent.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 29, 1976.

*Twitty & Twitty, John F. Salter,* for appellants.
*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, Daniel MacDougald, III,* for appellee.