## 35597. JOHNSON v. BOURCHIER.

JORDAN, Justice.

Appellant Johnnie Johnson brought an action against appellee for specific performance and damages for the breach of a contract for the sale of a condominium. The trial court denied appellant's motion for summary judgment and granted appellee's motion for summary judgment.

Appellant, as tenant, entered into a written lease agreement with the appellee landlord for the lease of a condominium. The lease contained a clause which stated, "Lessee retains the option to purchase property. If option is exercised, lessor will install new carpet in entire unit." Appellant contends that the other details in connection with the sale were orally agreed to by the appellee, a date was set for closing, and that one week prior to the closing date the appellee notified her that he had agreed to sell the property to another buyer. Appellant contends that since a part of the contract was in writing, parol evidence is admissible to flesh out the agreement (Code Ann. § 20-704

(1)) and further relies on Code Ann. § 37-802 which states that "Specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract . . ."

Appellee contends that the contract was too vague, indefinite and incomplete to be specifically enforced; that any contract admitted by the appellee was incomplete; and that in any event the admission of a contract was not in writing. The trial court agreed with his contentions and we affirm.

1. A portion of the oral agreement between the parties was that there would be a down payment in a certain amount and the "assumption of a loan." The record does not show the amount of such loan, to whom payable, the interest rate thereon, whether or not the appellant could qualify to assume said loan, nor many other particulars necessary to meet the requirements of specificity for the grant of specific performance. *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730) (1957); *Austin v. Willis,* 229 Ga. 193 (190 SE2d 532) (1972); and *Griffith v. Federal Deposit Insurance Corp.,* 242 Ga. 367 (249 SE2d 54) (1978).

Where the Statute of Frauds is insisted upon, as here, the admission of a contract must itself be in writing to satisfy the conditions of Code Ann. § 37-802. *West v. Vandiviere,* 192 Ga. 90 (14 SE2d 711) (1941) and *Powell v. Adderholdt,* 230 Ga. 211, 214 (196 SE2d 420) (1973).

Appellant relied upon an oral agreement and thought it enforceable because "to me a man's word is his bond." Unfortunately this is not true, at least when dealing with the sale of real estate.

2. Damages in lieu of specific performance cannot be recovered unless the plaintiff can prove his right to the latter remedy. *Austin v. Willis,* 229 Ga. 193 (2), supra.

Under the facts of this case the trial court did not err in denying appellant's motion for summary judgment and in granting appellee's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

Submitted November 9, 1979 — Decided January 24, 1980.

*Al Johnson,* for appellant.
*Robert Sacks, John Vincent Hogan, V,* for appellee.