## JACKENS *vs.* NICOLSON.

[This case was argued at the last term, and the decision reserved.]

1. In written contracts for land, where they are certain, fair and capable of being performed, equity will decree their performance.

2. In sales at auction, the auctioneer may be considered the agent of both parties, so far as to dispense with any other memoranda in writing than his own entries.

3. Where the specific performance would be decreed at the instance of one of the parties, it will be so decreed at the instance of the other, although the relief sought by him is merely in the nature of a compensation in damages or value. In such cases, the remedy, if it exists at all, should be mutual and reciprocal, as well for the vendor as for the purchaser.

May 1, 1883.

Equity. Specific Performance. Contracts. Principal and Agent. Statute of Frauds. Auctioneers. Before Judge SNEAD. Chatham Superior Court. March Term, 1882.

Mrs. Jackens filed her bill against Nicolson, alleging, in brief, as follows: In April, 1881, she placed in the hands of Blum, a regular auctioneer in Savannah, a city lot with improvements thereon for sale. It was advertised, and on April 5, was offered at public outcry, and sold to Nicol-

son as the highest bidder, at the price of $1,900.00 cash.
A written memorandum of the sale and its terms was en-
tered by the auctioneer on his books. Nicolson employed
an attorney to investigate the title to the property, and to
him was delivered, at the request of Nicolson, the deed
under which complainant claimed, being a deed from one
Prendergast to her deceased husband, dated April 30, 1853.
On objection by the attorney that the deed did not furnish
him sufficient data to locate the property and pass upon
the title, complainant tendered him a map made by the
city surveyor and referred to in the deed, from which, as
well as from other published maps, the property could be
easily identified. Complainant also tendered such infor-
mation and data as was in her power to give. No answer
was made to this tender, no abstract demanded or further
data asked. After waiting for over a month, she wrote to
Nicolson, calling upon him for an answer, and stating her
readiness to make a deed to the property. Still failing to
receive a reply, she caused a proper warranty deed to be
made, and tendered it to Nicolson through the auctioneer.
Nicolson referred the auctioneer to his attorney, who
replied that he had no money belonging to his client.
Complainant has made repeated efforts to get Nicolson to
accept the deed and pay the money, but he has failed and
refused to do so. He further made inquiries about her
title in such a manner as to cause suspicion concerning it;
and by reason of this and the delay until the season for
advantageous selling had passed, as well as the expense
incurred, she cannot be restored to her original position,
nor could she now sell the land without heavy loss. The
land was conveyed in 1853 by one Prendergast, who had
a perfect title thereto, to the deceased husband of com-
plainant. The latter has since died leaving no heir except
complainant and no unsettled debts. Her husband, and
she as his sole heir, have been in possession ever since the
purchase from Prendergast; and she has a perfect title,
not only by regular chain, but also by reason of twenty

years' possession and by reason of seven years possession under color of title. The object of this bill was to compel specific performance on the part of Nicolson.

On demurrer for want of equity and because of an adequate common law remedy, the bill was dismissed, and complainant excepted.

R. R. RICHARDS; J. J. ABRAMS, for plaintiff in error.

LESTER & RAVENEL, for defendant.

CRAWFORD, Justice.

This bill was filed for the specific performance of a contract in the purchase of certain real estate at public auction, and where the purchaser refused to take the deed and pay the contract price. The bill was dismissed, on demurrer, for the want of equity, and because the complainant had an adequate and complete remedy at law.

Conceding that the memorandum of the auctioneer made at the time of the sale is all that is required by law, the only question in the case is, whether the complainant is entitled to a specific performance of the contract.

This question, we think, is clearly settled by this court in the cases of *Chance vs. Beall*, 20 *Ga.*, 142, and *Forsyth vs. McCauley*, 48 *Ib.*, 402. In the first it was held: "Where a contract is in writing—is certain and fair in all its parts—is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a court of equity to decree a specific performance as it it is for a court of law to give damages for it in other cases." In the last, the above ruling was re-affirmed, and the principle again laid down that "in written contracts for land, where they are certain, fair and capable of being performed, equity will decree their performance." Story's Eq. Jur., §746; Hilliard on Vendors, 421, 454.

How far at the hearing the allegations of the bill may

be sustained by the proof, it is unnecessary here to consider. We put the case, under the demurrer, upon the rulings cited *supra.* That the auctioneer was the agent of both parties to bind them, if his entries were legally made, is declared by §2630 of the Code. If, then, this is shown, the contract will be held to be in writing, then it must be further shown that it was certain, fair in all its parts, and capable of being performed before a decree for that purpose will be rendered.

Where the specific performance would be decreed at the instance of one of the parties, it will be so decreed at the instance of the other, " although the relief sought by him is merely in the nature of a compensation in damages or value"; " for in all such cases the court acts upon the ground that the remedy, if it exists at all, ought to be mutual and reciprocal, as well for the vendor as for the purchaser." 1 Story's Eq. Jur., §723; Fry's Specific Performance, m. p. 10., §23.

Judgment reversed.