### HIGGINBOTHAM *v.* COOPER, executor.

A court of equity will not undertake to compel the specific performance of a parol contract for the sale of land, unless the land which is the subject-matter of the alleged contract is clearly identified.

Argued November 14, — Decided December 12, 1902.

Equitable petition. Before Judge Henry. Floyd superior court. April 11, 1902.

*C. A. Thornwell,* for plaintiff.
*Halsted Smith* and *W. W. Brookes,* for defendant.

COBB, J. Mrs. Higginbotham brought an equitable petition against the executor of Clark, praying for the specific performance of a parol contract for the sale of land. The judge directed the jury to return a verdict in favor of the defendant, and an assignment of error upon this ruling was the only one insisted upon in

this court. The evidence introduced in behalf of the plaintiff was possibly sufficient to establish all that was necessary for the specific performance of the alleged parol contract, except that the identity of the land alleged to have been the subject of the sale was not shown with sufficient definiteness. The plaintiff being an incompetent witness, on account of the death of the other contracting party, it was sought to make out the case by proof of declarations of the defendant's testator. A daughter of the plaintiff testified that she had seen her mother pay Clark sums of money at different times, and that in the conversations about the payments Clark referred to property which he had sold the plaintiff. The witness said she knew what property Clark referred to, and that it was situated on 7th Avenue, "between our place and the Ragan place." There was, however, nothing in this witness's testimony to show that Clark referred to the property she thought he was talking about, and nothing to show that he said anything by which the identity of the property could be determined. A son of the plaintiff testified that he had heard a conversation between his mother and Clark, in which he referred to the place as the "orchard place," but there was no evidence to show where the orchard place was or of what it consisted. Henry Walker, Esq., testified that Clark had told him that he had sold to plaintiff a piece of land, and that she had paid him all except ten dollars of the purchase-money; that Clark said the property he had sold to her was on 7th Avenue, that he had bought it at a tax sale and had a sheriff's deed to it. There was no evidence as to where 7th Avenue was. But let it be conceded that 7th Avenue was in Rome, Georgia, no particular lot was identified, and this would be true even though it was a lot on that street which Clark had bought at a tax sale. There was no evidence as to the length of the street, or as to how many houses and lots were on it, and it was possible that Clark might have been, at the time of the conversation with Walker, the owner of several lots on that street which he had bought at tax sales. Certainly, it was incumbent upon the plaintiff, resting under the burden of making out her case by evidence, to show that the lot described in her petition was the only lot on 7th Avenue which Clark had bought at tax sale, before she could rely on the evidence of Walker as in part identifying the property which was the subject-matter of the sale. A court of equity will never decree

the specific performance of a contract for the sale of land, unless the land which is the subject-matter of the alleged sale is clearly identified in the contract. Especially is this rule to be applied where the effort is to enforce a parol contract for the sale of land. See, in this connection, *Printup* v. *Mitchell*, 17 *Ga.* 567 (16); *Smith* v. *Jones*, 66 *Ga.* 338; *North* v. *Mendel*, 73 *Ga.* 404; *Douglass* v. *Bunn*, 110 *Ga.* 159; *Gatins* v. *Angier*, 104 *Ga.* 386; *Dwight* v. *Jones*, 115 *Ga.* 744.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*