## PERDUE v. YOUNG.

ATKINSON, J. 1. A ground of a motion for new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the ruling was made; otherwise no question is raised for determination.

2. A ground of a motion for new trial complaining of the admission of parol testimony, on the ground that the testimony varied a written contract, but not literally or in substance setting forth the written contract or that part of it which it is claimed would be varied by the parol testimony, so that it may be seen whether the parol testimony tended to vary the terms of the contract, is too indefinite to present any question for decision.

3. This was an equity suit instituted by the plaintiff for specific performance of a parol contract, and for an accounting. The contract was that the defendant should execute a deed conveying land when plaintiff should make certain deferred payments which should bear interest at the rate of eight per cent. per annum. Several payments were made in specifics, and an accounting was necessary to determine the balance due by plaintiff to defendant. The judge charged the jury that they should allow interest at the rate of seven per cent. per annum. This was an erroneous charge, because the plaintiff, having come into equity seeking equitable relief, would be required to do equity by paying the principal and interest promised to be paid, before the relief sought would be afforded.

(a) The case does not involve the question whether, if the parol contract had been for payment of interest at a higher rate than eight per cent. per annum, the plaintiff would have been required to pay such higher rate of interest before being entitled to specific performance.

(b) But as the plaintiff, on the hearing of the motion for new trial, offered to add to the amount of the verdict $52.50, which would cover the difference between seven per cent. and eight per cent. up to the date of the verdict, and to pay all future interest at the rate of eight per cent. per annum, the judgment will be affirmed, with direction that, within ten days from the date the remittitur from this court is made the judgment of the trial court, the plaintiff shall pay to the defendant the amount specified in the verdict and additional interest as above indicated, and in default of such payment that the judgment stand reversed.

(c) The plaintiff in error having procured a substantial modification of the judgment complained of, the costs of bringing the case to the Supreme Court will be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concur.*

HINES, J., concurs in the judgment, but dissents from the ruling announced in the first paragraph of the third division.

*Allen & Pottle,* for plaintiff in error.

*Sibley & Sibley* and *D. S. Sanford,* contra.