SYKES *v.* REEVES; *et vice versa.*

Nos. 14409, 14429.   February 11, 1943.   Rehearing denied March 11, 1943.

*Leon & Dean Covington, Davis & Davis,* and *J. R. Smith,* for plaintiff. *Matthews, Owens & Maddox,* for defendant.

DUCKWORTH, Justice. 1. "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust." Code, § 108-108. "While an express trust must be created by writing, and can not be proved by parol, implied trusts may be established by parol evidence, although the effect of such evidence is to alter or vary a written instrument, and although the defendant sets up and insists upon the statute of frauds." *Jenkins* v. *Lane,* 154 *Ga.* 454 (3-a) (115 S. E. 126). It follows that the fact that the agreement involved in the instant case was not in writing did not render the petition subject to general demurrer, if it stated facts authorizing a trust to be implied. "A trust is implied where, from any fraud, one person obtains title to property which rightfully belongs to another. An implied trust arises wherever a person acquires the legal title to land or other property by means of an intentionally false and fraudulent verbal promise to hold the same for a certain specified purpose; and after having thus fraudulently obtained title, he retains, uses, and claims the property absolutely as his own, so that

the whole transaction by means of which the ownership is obtained is in fact a scheme of actual deceit." *Jenkins* v. *Lane,* supra. Where a person makes a false promise for the purpose of inducing another person to transfer property to him, intending at the time to violate the promise later, and the other person is thereby induced to transfer the property, the person thus obtaining the property is guilty of such fraud as to constitute him a constructive trustee for the benefit of the other party; and this is true though there is no disparity of mental capacity and no confidential relation exists between the parties. *Brown* v. *Doane,* 86 *Ga.* 32 (12 S. E. 179, 11 L. R. A. 381) ; 3 Scott on Trusts, § 468. The plaintiff alleged that she allowed title to the fifteen-acre tract of land to be placed in the defendant in order to enable him to obtain a loan to apply on the purchase-price of ten acres of the land, with the understanding that the defendant was to reconvey to her the remaining five acres after he had obtained the loan; and that the defendant's promise to reconvey the five acres was false and fraudulent, and he never intended to perform the same. It was also alleged that the defendant's promise to pay the balance of the purchase-price was fraudulent in that when it was made he had no intention of fulfilling it. Under the rules of law stated above, the petition alleged sufficient facts on which to base a constructive or implied trust. However, "where the plaintiff seeks to recover property from the defendant by enforcing a constructive trust of the property, the plaintiff must restore to the defendant the amount expended by the defendant in acquiring the property." 3 Scott on Trusts, § 479. The principle that he who would have equity must do equity (Code, § 37-104) is as applicable to one who seeks to have the court declare a constructive trust on the ground of fraud as it is to one who seeks any other equitable relief because of the fraud of the defendant. See *Grant* v. *Hart,* 192 *Ga.* 153(3) (14 S. E. 2d, 860). In seeking to have the court impress a trust on the property, the plaintiff sought to be placed in statu quo. Before equity will grant her such relief, she must offer to do equity— tender to the defendant that which she admittedly received in the transaction. It appears from the petition that the defendant paid $454.69 on the purchase-price of the land. While it appears that the defendant used the land as security to obtain a loan of $300, and the plaintiff would not be required to tender to him this por-

tion of the purchase-money received, no excuse for failing to tender the remaining $154.69 is alleged. In the prayer the plaintiff asked the court to order that the land be sold, and that the defendant be paid from the proceeds of this sale; but this does not amount to an offer to do equity. The defendant's right to be reimbursed can not be made dependent on whether or not the land sells for enough to repay him. The failure to make a tender rendered the petition subject to general demurrer. While some of the prayers sought the alternative relief of specific performance of the oral contract, and no tender would be necessary if such relief were appropriate in this case, the petition failed to state a case for specific performance. "A court of equity will not decree specific performance of a contract for the sale of land, where it is not clear that the exact terms of the contract were agreed upon and understood." *Georgia Southern & Florida Railway Co.* v. *Taylor,* 142 *Ga.* 350 (82 S. E. 1058). The petition discloses that the boundaries of the five acres to be conveyed to the plaintiff were never agreed upon, and therefore that the contract was too indefinite for specific performance. *Higginbotham* v. *Cooper,* 116 *Ga.* 741 (42 S. E. 1000). The error in overruling the general demurrer rendered the further proceedings nugatory, and no ruling will be made on the errors assigned in the main bill.

*Judgment reversed on the cross-bill of exceptions. Writ of error on main bill dismissed. All the Justices concur, except Reid, C. J., absent because of illness.*