## MORGAN, administratrix, *v.* MITCHELL.

No. 17945. ARGUED JULY 14, 1952—DECIDED SEPTEMBER 2, 1952.

*Louis A. Peacock* and *Farkas, Landau & Davis,* for plaintiff in error.

*Peacock, Perry & Kelley* and *Jesse W. Walters,* contra.

HEAD, Justice. ■ A petition seeking legal or equitable relief, or both, shall plainly, fully, and distinctly set forth the cause of action. Code, § 81-101; *Ewing v. Paulk,* 208 *Ga.* 722 (69 S. E. 2d, 268). A parol contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it. *Studer* v. *Seyer,* 69 *Ga.* 125; *Hill* v. *Hill,* 149 *Ga.* 50, 52 (99 S. E. 31); *Dowling* v. *Doyle,* 149 *Ga.* 727, 728 (2a) (102 S. E. 27). A court of equity will not decree the specific performance of a parol contract for the sale of land where it is not clear that the exact terms of the contract are agreed upon and understood. *Sykes* v. *Reeves,* 195 *Ga.* 587, 592 (24 S. E. 2d, 688).

The first question for determination in the present case is whether or not the petition alleged a contract that should be enforced by a court of equity. On general demurrer the petition will be construed most strongly against the pleader. Allegations essential to the establishment of a contract will never be implied or presumed. They must be distinctly averred, and if not so averred, the petition is subject to general demurrer. *Ewing* v. *Paulk,* supra. The court will consider only the sufficiency of the allegations actually made in the petition. Beyond this, it can not properly go. *Crowley* v. *Calhoun,* 161 *Ga.* 354 (3) (130 S. E. 563).

Originally the petition alleged that on October 27, 1943, J. C. Morgan (hereinafter referred to as the deceased) sold described property to the plaintiff for $4800, payable at the rate of $1000

per year, and that, as a part of the consideration for the purchase of the property, the deceased "was to paint the house located on said property if such house needed painting before five years expired from the date said property was sold." In response to the special demurrers interposed, these allegations were amended to allege that $1000 would be due on October 27, 1944, and that the last payment of $800 would be due on October 27, 1948.

The petition, as amended, fails to allege whether the deferred payments were represented by notes or any other written evidence of the alleged contract. There is no allegation as to any agreement between the parties as to interest that might become due. If the plaintiff agreed to pay interest on the principal sum from the date of the contract, he would have to comply with this agreement before seeking relief in a court of equity. *Perdue* v. *Young*, 154 *Ga.* 220 (113 S. E. 801). If there was no agreement as to the payment of interest, and if the instalments were not promptly paid on the due date, such instalments would bear interest at the rate of 7 percent per annum, since the agreement, although oral, constituted a liquidated demand and would bear interest from the due date thereof. *Central of Ga. Ry. Co.* v. *Central Trust Co. of N. Y.*, 135 *Ga.* 472, 499 (69 S. E. 708). An allegation that the plaintiff "has complied with all of the terms of the agreement" amounts to no more than a conclusion of the pleader, and is insufficient to aver payment of the alleged purchase price according to the terms and tenor of the alleged contract, when, as here, there are no allegations to show what the terms of the payments were with reference to interest, or that payment was made on or before the due date of the deferred payments, so as to avoid the accumulation of interest. On general demurrer it will be presumed that the plaintiff placed his case in the light most favorable to his cause, and it must be presumed that he did not allege payment on or before the due date of the several instalments since such allegation would not be in accord with the facts.

Counsel for the plaintiff assert in their brief that the oral agreement between the parties provided that the deceased should carry fire insurance on the property and pay the taxes until the purchase price was paid. The petition is silent as to any agree-

ment between the parties relating to insurance on the property, or the payment of taxes. The elements of a contract, to which reference is made by the allegations of the petition, are not clearly and precisely set forth. Whether or not a definite agreement between the parties as to insurance and taxes would be essential to a contract so clear and precise that neither party could reasonably misunderstand it, is a question that is not necessary to the decision in this case.

■ The petition alleges that, at the time of the contract, the property "had a value not in excess of $4800." The allegations of the petition are insufficient to show that the contract was fair, just, and equitable, and in good conscience should be performed, since neither the actual value of the property is alleged, nor the amount the deceased would receive from the sale of the property after deducting from the alleged contract price the expenses alleged to have been assumed by the deceased. Specific performance is an equitable remedy and one which can not be demanded as a matter of absolute right merely by virtue of proving an agreement. It must be made to appear that the contract is fair, equitable, and just. Code, § 37-805; *Coleman v. Woodland Hills Co.*, 196 *Ga.* 626 (27 S. E. 2d, 226); *Jenkins v. Evans*, 202 *Ga.* 423 (43 S. E. 2d, 501); *Bullard v. Bullard*, 202 *Ga.* 769 (44 S. E. 2d, 770); *Ogletree v. Ingram & LeGrand Lumber Co.*, 207 *Ga.* 333 (61 S. E. 2d, 480); *Hulgan v. Gledhill*, 207 *Ga.* 349 (61 S. E. 2d, 473); *Savannah Bank & Trust Co. v. Henley*, 208 *Ga.* 34, 36 (65 S. E. 2d, 26).

■ The allegations as to tender do not comply with the rule that, where specific performance of an alleged parol agreement is sought, there must be an unconditional tender of the purchase price. *Terry v. Keim*, 122 *Ga.* 43 (49 S. E. 736; *Martin & Smith v. Thompson*, 141 *Ga.* 31 (80 S. E. 318); *McKown v. Heery*, 200 *Ga.* 819, 821 (38 S. E. 2d, 425).

For each and all of the foregoing reasons the petition failed to allege a cause of action for specific performance of a parol contract for the sale of land. The trial court having erroneously overruled the general demurrers to the petition, the further proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*