### 19274. SIKES *et al. v.* SIMS.

DUCKWORTH, Chief Justice. This is a suit for specific performance of a contract for the sale of real property purchased at an auction sale, in which the petitioner paid $2,000 on the purchase price, the balance to be paid at closing; received the key to the dwelling thereon and went into possession; and thereafter he tendered the balance of the purchase money, and the sellers repudiated the sale and refused to make him a deed to the property. He further alleges in the petition that he unlocked the dwelling after receiving the key, entered the house, and at the request of one of the defendants left it open for her to remove certain personal property she had left there, and that he is now locked out, the key having been thus obtained from him by fraud; that he has incurred certain named expenses as a result of the repudiation of the contract; that the house is vacant, the resident defendant now living in Statham, Georgia; that he needs the house to live in; that the defendants are receiving rent on other houses on the land; and that the rental of the vacant house is $100 per month. The petition is in two counts; count one is for specific performance and prays that the defendants make him a deed to the property, while count two is for damages received as a result of the breach of the contract. General and special demurrers were filed and after amendment of the petition renewed, and additional demurrers were filed thereto. After a hearing, with the exception of one special ground they were overruled, and the exception here is to this judgment. *Held:*

1. While it is an elementary rule of construction that on demurrer the pleadings are to be construed most strongly against the pleader, the mere allegation, without more, that the defendant is living in Statham, Georgia, is insufficient to conflict with or admit a change in the legal residence of the defendant from that as alleged previously in the petition, and the pleadings are not in the alternative, nor does the petition show on its face that it lacks jurisdiction of the defendants. See Code §§ 79-401, 79-406; *Hickson* v. *Brown*, 92 *Ga.* 225 (2) (17 S. E. 1035); *Worsham* v. *Ligon*, 144 *Ga.* 707 (2) (87 S. E. 1025); *Williams* v. *Williams*, 191 *Ga.* 437 (12 S. E. 2d 352); *Stewart* v. *Stewart*, 195 *Ga.* 460 (24 S. E.

2d 672). An amendment further clarifies the allegation by showing that the defendant is living with a sister temporarily in the adjoining county and has filed for a homestead exemption in the county in which she is sued.

2. While payment of a part of the purchase money is not alone such part performance as will take the case out of the statute of frauds, if accompanied by possession it will amount to such part performance as will take the contract out of the statute of frauds. Code §§ 20-402 (3), 37-802; Harris v. Underwood, 208 Ga. 247 (66 S. E. 2d 332); Kinderland v. Kirk, 131 Ga. 454 (2) (62 S. E. 582). Hence the allegation of part payment, together with the claim of possession by receiving the key to the house, which petitioner unlocked and entered, although he lost possession thereafter by fraud, is sufficient to remove the case from the statute of frauds, requiring the contract to be in writing.

3. "The petition having sufficiently alleged repudiation of the contract by the defendant, no allegation of continuing tender was necessary. Turman v. Smarr, 145 Ga. 312 (2) (89 S. E. 214); Fraser v. Jarrett, 153 Ga. 441 (3) (112 S. E. 487); Chastain v. Platt, 166 Ga. 307 (3) (143 S. E. 378)." Black v. Milner Hotels, 194 Ga. 828, 832 (22 S. E. 2d 780). The allegation that the defendant stated "she was not satisfied with the amount of the money the land brought, and she refused to execute him a deed" was sufficient to avoid allegations of continuing tender.

4. The allegation that all the defendants were represented by Johnson Land Company was sufficient to show that all the defendants acquiesced in the sale by the company, and the demurrers claiming some of the defendants did not have knowledge of the sale are without merit.

5. The allegation that the defendants were all sui juris was sufficient not to require the approval of the ordinary for the sale of land set aside for a year's support, the defendants being the mother and her two grown children, and the demurrers raising this question are not meritorious. Code (Ann. Supp.) § 113-1025 (Ga. L. 1937, p. 861); Walden v. Walden, 191 Ga. 182, 190 (12 S. E. 2d 345).

6. The fact that the first count of the petition is for specific performance and the second count is for damages does not render the petition demurrable as being multifarious, since the two remedies are not inconsistent. See Black v. Milner Hotels, 194 Ga. 828 (supra).

7. But the petition fails to allege the actual value of the property or to show that the contract was fair, just, and equitable, so that equity would grant specific performance, and therefore count one, praying for specific performance, is subject to general demurrer. Code § 37-805; Shropshire v. Rainey, 150 Ga. 566 (104 S. E. 414); Huggins v. Meriweather, 177 Ga. 461 (170 S. E. 483); Coleman v. Woodland Hills Co., 196 Ga. 626 (27 S. E. 2d 226); Morgan v. Mitchell, 209 Ga. 348 (72 S. E. 2d 310).

8. Likewise, since count two is for damages resulting from the loss of rent of the premises since the repudiation of the contract, which damages are in addition to specific performance rather than damages in lieu of specific performance, such count also is subject to general demurrer since a determination that the petitioner is entitled to have the contract specifically performed is necessary in order that he be entitled to the rent of the premises from the time of the breach of the contract. See Gilmore

v. *Johnson,* 29 *Ga.* 67; *Woodall* v. *Williams,* 176 *Ga.* 343 (167 S. E. 886).

9. For the reasons stated above, the court erred in overruling the general demurrers to count one and count two.

*Judgment reversed. All the Justices concur.*

Argued March 12, 1956—Decided May 16, 1956.

*Mark Dunahoo, J. N. Rainey,* for plaintiff in error.

*D. M. Pollock, Russell & Russell,* contra.