## 20998. SEVEN FIFTY, INC. v. HUNTER.

CANDLER, Justice. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire v. Rainey,* 150 Ga. 566 (2) (104 S. E. 414); *Huggins v. Meriweather,* 177 Ga. 461 (170 S. E. 483); *Whitehead v. Dillard,* 178 Ga. 714, 717 (174 S. E. 244); *Brogdon v. Hogan,* 189 Ga. 244, 249 (5 S. E. 2d 657); *Johns v. Nix,* 196 Ga. 417 (26 S. E. 2d 526); *Coleman v. Woodland Hills Co.,* 196 Ga. 626 (27 S. E. 2d 226); *Sikes v. Sims,* 212 Ga. 391 (93 S. E. 2d 6).

2. Applying the above-stated principles of law to the allegations of the petition in the instant case, where the plaintiff, as the holder (purchaser) of an alleged contract to purchase several described parcels of realty for a stated consideration, sought specific performance of such contract, and alleged that the defendant, as the seller under the terms thereof, had waived tender of the agreed purchase price by expressly stating that he would not accept the agreed purchase price if such were offered to him (*Finney v. Blalock,* 206 Ga. 655 (3), 58 S. E. 2d 429), but,where the petition, as here, fails to show the value of the lands covered by the contract, so as to enable the court to determine that such contract, is, as it relates to the purchase price of the lands involved, fair, just, and not against good conscience, no right to specific performance of such contract is shown. Since the petition therefore failed to state a cause of action for the equitable relief sought, the court did not err, as contended, in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960—
REHEARING DENIED OCTOBER 18, 1960.

*Hugh M. Dorsey, Jr., Jule W. Felton, Jr., Crenshaw, Hansell, Ware, Brandon & Dorsey,* for plaintiff in error.
*James R. Harland, Jr., H. A. Stephens, Jr.,* contra.