### 22625. BANKS et al. v. HARDEN.

HEAD, Presiding Justice. The petition for specific performance in the present case is entirely devoid of any allegations showing the value of the property so as to enable the court to determine that the contract sought to be enforced was fair, just, and equitable, and one that in good conscience should be performed, and the trial judge erred in overruling the general demurrers of the defendants. *Coleman v. Woodland Hills Co.,* 196 Ga. 626 (27 SE2d 226); *Ogletree v. Ingram & LeGrand Lumber Co.,* 207 Ga. 333 (3) (61 SE2d 480); *Almand v. Williams,* 208 Ga. 703 (69 SE2d 271); *Ewing v. Paulk,* 208 Ga. 722 (2) (69 SE2d 268); *Morgan v. Mitchell,* 209 Ga. 348 (2) (72 SE2d 310); *Sikes v. Sims,* 212 Ga. 391 (7) (93 SE2d 6); *Seven Fifty, Inc. v. Hunter,* 216 Ga. 407 (116 SE2d 552); *Howington v. Juhan,* 218 Ga. 748 (130 SE2d 822). Since the petition should have been dismissed on gen-

eral demurrer, the other questions made by the record are moot.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964.

*Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiffs in error.

*Davis & Davidson, Jack S. Davidson, Kimzey & Kimzey, Herbert B. Kimzey,* contra.