27693. HUIE et al. v. UPPER FLINT RIVER CLEAN WATER & FLOOD CONTROL ASSOCIATION et al.

GUNTER, Justice. This action was brought by the plaintiffs-appellants against the defendants-appellees seeking to enjoin the latter from dredging a portion of the Flint River which flowed through property owned or controlled by the defendants.

After responsive pleadings were filed, the trial judge conducted a hearing to determine whether a temporary injunction should be entered pending the final determination of the case.

Following this hearing the trial judge prepared, signed,

and filed a ten-page document which included his findings of fact, his conclusions of law, and his judgment denying a temporary injunction. The appeal here is from that judgment.

The document prepared and filed by the trial judge after the hearing showed clearly that he had considered the pleadings, maps, plats, reports, affidavits, depositions and oral testimony presented at the hearing.

Finding of Fact No. 30 was as follows: "A preponderance of the evidence in the case does not indicate flooding of the property of any plaintiff will be increased or that any plaintiff will be damaged solely as the result of the proposed dredging or channelization of the Flint River by the defendants."

Finding of Fact No. 31 was as follows: "Any increased flooding or damage to any plaintiff by any proposed action by the defendants is too uncertain and too highly speculative as to justify an injunctive order of the court. This is not to say that there is no possibility that damage will occur in the future. If such does occur and the direct proximate cause is attributed to the defendants, then they must respond in damages as determined by a jury."

Conclusion of Law No. 14 was as follows: "The evidence in the case fails to show clearly and with reasonable certainty the plaintiffs will suffer damage solely as a result of the defendants' action."

After reviewing this record we conclude that the very able trial judge gave the most thorough and conscientious consideration to the evidence presented to him, and he did a most thorough job of applying the law of this state to a claim for a temporary injunction in a "nonnavigable river dredging case."

The record in this case makes it clear to this court that the trial judge properly exercised the discretion conferred upon him by the law of this state by entering a judgment denying a temporary injunction in

this case.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED JUNE 21, 1973 — REHEARING DENIED JULY 12, 1973.

*Furman Smith, Jr.,* for appellants.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellees.