29198, 29199. FRIER v. CITY OF DOUGLAS; and vice versa.

HILL, Justice.

This case comes before us on appeal by James David Frier, plaintiff below, and cross appeal by the City of Douglas, defendant below. From the verified pleadings and findings of the trial court, the facts appear as follows:

On August 15, 1973, plaintiff acquired from a contractor, and since has resided in, a residence located on Par Street in the City of Douglas. Construction of the house had commenced in December, 1972, at which time the contractor requested temporary electric service from the city.

The Georgia Territorial Electric Service Act was approved and became effective on March 29, 1973. Ga. L. 1973, pp. 200, 220. (Its validity has now been upheld in *City of Calhoun v. North Georgia Electric Membership Corp.*, 233 Ga. 759). On April 30, 1973, electrical supply by the city to the residence in question was converted from temporary to permanent service at the contractor's request.

By letter dated June 8, 1972 (sic) plaintiff requested the city to remove its power lines, as plaintiff desired to choose REA service which was, according to the letter,

within 300 feet of the residence and closer than the city's power source. In his letter plaintiff referred to the March Act, presumably Sec. 5 thereof.

By letter dated June 15, 1973, the Satilla Rural Electric Membership Corporation notified the city that plaintiff had made application for service and that it intended to serve him.

As noted, plaintiff acquired his deed on August 15, 1973. His suit to enjoin the city from furnishing electricity to his house was filed May 17, 1974. He alleges his continuous efforts to stop the city from furnishing electricity. The city answered and defended on the grounds, inter alia, that the complaint should be dismissed for failure to state a claim for relief in that plaintiff has an adequate legal remedy and has failed to exhaust his administrative remedies under the Territorial Electric Service Act, supra, and on the further ground that Sec. 9 (b) thereof gives the city the exclusive right to serve plaintiff's premises. At the hearing, the city sought to preserve its right to challenge, in other cases, the constitutionality of the Act.

At the commencement of the interlocutory hearing, the trial court overruled the city's motions and later denied injunctive relief to plaintiff, basing the latter decision upon a November, 1973, city ordinance providing that "Every dwelling shall be wired for electric lights . . . Every habitable room . . . shall contain at least two . . . outlets . . . Every such outlet . . . shall be maintained in good and safe working condition, and shall be connected to the source of electric power in a safe manner."

Plaintiff has appealed the denial of injunctive relief and the city, on certificate, has cross appealed the denial of its motions.

The complaint seeks only the termination of electric service, not substitution of service by another electric supplier. Plaintiff's brief in this court poses the issue as follows: Does the city have the right or power to furnish electricity to plaintiff against his will, or does a person have a right to live in the city without electrical current? Plaintiff's counsel observes that this may well be a case of first impression. To prove that statement, no decisions directly in point are cited. He assures that this is not a suit

to determine which supplier shall serve his client. He argues that a person should not have to go to the Public Service Commission to get his electricity disconnected.

Counsel for the city view the plaintiff's case as being one to change suppliers. They point to the two letters referred to above attached to the city's answer.

1. We deal with the city's motions to dismiss first, for if they were good, the denial of the injunction should be affirmed. A complaint challenged by a motion to dismiss for failure to state a claim for which relief may be granted is to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377).

Although the city contends that the plaintiff has not exhausted his administrative remedies before the Public Service Commission under the Territorial Electric Service Act, the complaint alleges that plaintiff has exhausted his administrative remedies. Thus a question of fact is presented, preceded perhaps by a question of law as to whether administrative remedies under the Act are applicable to plaintiff. In any event, plaintiff's allegation that he has exhausted his administrative remedies cannot be refuted by a mere motion to dismiss.

The city's contention that plaintiff has an adequate remedy at law apparently is based also on the Territorial Service Act. Plaintiff represents to this court that that Act is not involved in his suit, that all he seeks is a termination of that continuous trespass created by having the city's unwanted electric current in his house. Based upon these positive assurances made in this court and arising from a suit filed in May 1974, we cannot, on motion to dismiss, look to letters, attached to the city's answer, written a year earlier to impugn plaintiff's motives.

Finally, the city cites Sec. 9 (b) of the Act as authority that the city has the exclusive right to provide electricity to plaintiff. As we read that section applied to the facts of this case, the city may well be correct if this were a suit between competing electric suppliers, or if plaintiff were seeking to change suppliers. However, that section does

not empower the city to supply electricity to one who does not want any electricity at all, as plaintiff states is his only desire. Nowhere in that Act is it provided that plaintiff must have electricity in his home.

It should perhaps be kept in mind that here the city merely defended by motion to dismiss on the basis of the Territorial Service Act. The city did not file a counterclaim for injunction based upon that Act, in which event entirely different questions might arise.

The trial court did not err in overruling the city's motions to dismiss. We turn now to the plaintiff's appeal of the denial of injunctive relief.

2. The court below denied injunctive relief based on a city ordinance requiring each dwelling to be wired for electric lights, each room to have at least two outlets, and each outlet to be maintained in safe working condition and be connected to the source of electric power in a safe manner. The trial judge's findings of fact do not show that plaintiff's house was not wired, or that it lacked any required number of outlets, or that any of them were unsafe. If they had been inadequate or unsafe, it would appear that the injunction should have issued.

It therefore appears that the basis of the denial was the requirement of the ordinance that each outlet "shall be connected to the source of electric power in a safe manner." Had the city fathers omitted the words "in a safe manner" the question might be more difficult. However, like statutes, the cardinal rule in construing ordinances is to carry into effect the intent of the legislative body (*Lewis v. City of Smyrna,* 214 Ga. 323 (104 SE2d 571)), and that intent must be determined from a consideration of it as a whole (*Williams v. Bear's Den,* 214 Ga. 240 (104 SE2d 230)), including the words "in a safe manner."

As we read the ordinance in question it is a safety measure as opposed to a monopoly enactment, which would violate Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701) of the Constitution. *Macon Ambulance Service v. Snow Properties,* 218 Ga. 262 (127 SE2d 598). Or so it should be construed, if susceptible of two constructions. *Fordham v. Sikes,* 141 Ga. 469 (81 SE 208).

Thus construed, the ordinance in question requires that if electricity is used, it shall be connected to the

source in a safe manner. It does not, however, require that electricity be furnished. If it were otherwise, the city could terminate service for non-payment and then charge the debtor with violation of this ordinance. Such an unconscionable result could not be tolerated.

The court below erred in denying injunctive relief on the basis it expressed. However, if its decision were correct for another reason, it should be affirmed.

3. Plaintiff's representations by verified complaint and to this court through counsel are that he wants no electricity. Counsel for the city concede that in the absence of the Territorial Service Act, plaintiff would be entitled to the relief sought. As seen above, in view of the allegations of the complaint, that Act is not applicable to this case as it stands.

Certainly in this day where citizens are fearful of further erosion of their rights, and absent some compelling public health or other valid reason, a man who wants to live without electricity in the wires of his house should have the right to do so, whether or not our Constitution says he has a freedom from electricity.

The court below erred in denying temporary injunctive relief.

*Judgment reversed on the main appeal; affirmed on the cross appeal. All the Justices concur.*

ARGUED SEPTEMBER 11, 1974 — DECIDED FEBRUARY 12, 1975.

*Farrar & Farrar, Curtis Farrar,* for appellant.
*Preston & Preston, Robert H. Preston,* for appellee.