## 31732. MOODY v. MENDENHALL et al.

HALL, Justice.

This is an appeal by one of the defendants in the court below from a judgment rendered by the Superior Court of Camden County ordering appellant to specifically perform a $245,000 bid he made at a foreclosure sale of a third security deed. Appellant's motions to set aside the judgment and for a new trial were denied. He appeals.

On June 15, 1970, Walter Mendenhall executed a security deed to a tract of land in Camden County to A. W. Jones. This deed secured a promissory note in the principal amount of $47,312.51. Both the note and the security deed were subsequently assigned to appellant Moody and his partner, Ralph Simmons. This security deed indicated that it was subject to and inferior to two prior security deeds, one in favor of the Federal Land Bank of Columbia, the other in favor of the Satilla Production Credit Association. It also contained a power of sale in which Mendenhall authorized the holders, upon default, to sell "all of said . . . property at public auction . . . to the highest bidder for cash to pay the . . . secured indebtedness with interest thereon to the date of sale and the expenses of said sale including cost of advertising and an attorney's fee of fifteen (15%) percent of the amount due, if collected through an attorney, after advertising the time, place, and terms of said sale . . . Second Party may make the purchaser . . . good and sufficient titles in fee simple to said property, thereby divesting out of the said First Party all right and equity that said First Party hereby agrees to surrender possession of said property without let or hindrance of any kind . . . The proceeds of said sale are to be applied to the payment of the amounts hereby secured . . ., and the expenses of said sale, including attorney's fees and the remainder, if any, shall be paid to said First Party."

When no payments were made by Mendenhall on the indebtedness secured by the third security deed for several years, Moody and Simmons retained attorney Beverly Nash to represent them in foreclosure proceedings. Nash prepared and ran the sale advertisement as required by the terms of the deed. This ad-

vertisement provided in part that the deed to secure debt was junior and inferior to two other security deeds; that the sale would be made for the purpose of applying the proceeds toward the expenses of the sale and payment of the debt owed to Moody and Simmons, with the balance paid to Mendenhall; that the sale was to be for cash. On December 4, 1973, Nash conducted two sales of the property on the courthouse steps in Camden County pursuant to the security deed and the laws applicable thereto. See Code Ann. § 37-607 et seq. The high bid at the first sale was $261,000, made by an agent of the appellee. Because the bidder was unable to obtain the necessary cash that day, a second sale was held. The high bid at the second sale was $245,000, made by Moody. Subsequent to the sale, Mendenhall made demand upon Moody for the excess funds over and above the amount of his debt to Moody and Simmons. When denied payment, Mendenhall sued Moody to recover $175,673.11, the difference between the bid price of $245,000 and the indebtedness due Moody of $69,326.89 ($60,188.60 in principal and interest, $9,028.29 in attorney fees, and $110.00 in advertising).

On October 25, 1974 a judgment was rendered, granting specific performance against Moody for the amount of his bid and directing that he pay Mendenhall $245,000 plus interest less a setoff of Mendenhall's indebtedness to him, in exchange for a deed to the property. Under the terms of this order, Moody's deed would have been subject to the Federal Land Bank's and the Satilla Production Credit Association's prior security deeds, since Mendenhall was not required to render Moody unencumbered fee simple title to the property.

On appeal Moody enumerates thirteen errors. His basic contention is that he bid an amount grossly in excess of Mendenhall's debt to him under the assumption that the two superior security deeds would be paid off with the sale proceeds so that he would receive an unencumbered fee simple title to the property. Moody argues that to allow Mendenhall to collect the excess of his debt to Moody of more than $175,000 without requiring Mendenhall to use those proceeds to pay off the two prior security deeds and without requiring Mendenhall to give Moody

unencumbered fee simple title to the property would unjustly enrich Mendenhall at Moody's expense.

1. At the outset we find that this suit for specific performance of a contract for the purchase of real estate at public auction is a suit in equity. See *Clark v. Cagle,* 141 Ga. 703 (1) (82 SE 21) (1914); *Jackens v. Nicolson,* 70 Ga. 198, 200 (1883). Appellant also concedes this is an equitable action by expressly invoking the appellate jurisdiction of this court as an equity action. *Williams v. Overstreet,* 230 Ga. 112, 115 (195 SE2d 906) (1973).

2. Appellant contends that the trial court erred in rendering a judgment against him because it lacked jurisdiction: Moody is a citizen and resident of Florida, and no substantial relief was rendered against Moody's resident co-defendant, Nash.

Nash, the attorney hired by Moody and Simmons to carry out the foreclosure sale, answered and filed a counterclaim to Mendenhall's complaint *on behalf of the defendants.* There was no lack-of-personal-jurisdiction defense or motion made in those pleadings on Moody's behalf. See Code Ann. § 81A-112 (b). Where a defendant "pleads to the merits without excepting to the jurisdiction of the court, he thereby waives any objection to the jurisdiction of his person." *Stolaman v. Stolaman,* 220 Ga. 799, 800 (142 SE2d 70) (1965). See also Code Ann. § 81A-112 (h) (1).

This suit was brought in the county where the only resident defendant resided, but the judgment was rendered solely against Moody, a nonresident. Moody contends that the court was without subject matter jurisdiction, and the judgment was therefore invalid. Moody bases this claim on Code Ann. § 2-4903.

Exclusive jurisdiction over equity cases lies in the superior courts of this state. Code Ann. §§ 2-3901, 24-2615, 37-101. This constitutes subject matter jurisdiction. See *Hopkins v. Hopkins,* 237 Ga. 845, 846 (229 SE2d 751) (1976). Contrary to appellant's allegations, the Superior Court of Camden County had subject matter jurisdiction over this equity proceeding. Code Ann. § 2-4903 is a venue provision regarding the place of trial as between defendants who are residents of different counties of this state. It is inapplicable to a

defendant who is a nonresident of this state. See *Campbell v. Campbell,* 67 Ga. 423, 427 (1881).

3. Appellant contends that he was entitled to a jury trial. As an equity case, we find that Moody had no constitutional right to a trial by jury. *Phillips v. Gladney,* 234 Ga. 399, 403 (216 SE2d 297) (1975); *Williams v. Overstreet,* 230 Ga. 112, 115, supra.

4. The appellant contends that any judgment rendered against him was invalid because no hearing was ever held on the merits. While the record contains no evidence of any hearing on the merits in this case, the trial judge's final judgment and decree states that the *case was tried by the court without a jury.* Without contrary evidence to review, we must presume that the trial judge did, in fact preside over a hearing on the merits of this case as indicated by the opening statement of his judgment. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) (1972); Code Ann. § 38-114. Because a jury trial was not required in this case, the trial judge was free to hear and decide the merits at any time after reasonable notice to the parties. Code Ann. § 81A-140 (b). We find no error in the trial court's procedure.

5. Appellant contends that the trial court erred in ordering him to pay Mendenhall $245,000 without also ordering Mendenhall to convey to him unencumbered fee simple title to the property. We do not agree. Both the deed to secure debt and the sale advertisement clearly indicated that the property was encumbered by two superior security deeds. Under this court's decision in *Sims v. Etheridge,* 169 Ga. 400 (5) (150 SE 647) (1929), Moody purchased the property subject to the senior security deeds.

6. Several of appellant's enumerations of error allege that the judgment of specific performance was erroneous for failure to meet the necessary requirements of that equitable remedy.

In order for a decree of specific performance to stand, it must appear that the contract sought to be enforced was equitable and just. *Logan v. Logan,* 223 Ga. 574 (2) (156 SE2d 913) (1967); Code Ann. § 37-805. This court has repeatedly held that in order for a suit for specific performance of a contract for the sale of land to prevail,

the plaintiff must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience. *Horner v. Savannah Valley Enterprises,* 234 Ga. 371, 375, 376 (216 SE2d 113) (1975); *Crown Corp. v. Galanti,* 220 Ga. 660 (1) (140 SE2d 898) (1965); *Banks v. Harden,* 220 Ga. 266 (138 SE2d 320) (1964); *Howington v. Juhan,* 218 Ga. 748 (130 SE2d 822) (1963). We have no transcript of the hearing in this case to review. We find nothing in the trial judge's findings of fact and conclusions of law nor in the pleadings in this case to show that the sale price was fair and one which this court in good conscience should enforce. We therefore remand this case to the trial judge for his determination of whether $175,653.11 (the bid price of $245,000 less the set off of $69,326.89 for the debt) was a fair price for Moody to pay for Mendenhall's equity of redemption, i.e. over and above the senior security deeds. If it was a fair price, the trial court's judgment should be enforced.

7. We have reviewed appellant's other enumerations of error and find them to be without merit.

*Judgment reversed and remanded. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur.*

ARGUED FEBRUARY 17, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED APRIL 21, 1977.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, James H. Coil, III, Emmet J. Bondurant, Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*William R. Waldrop, Wallace E. Harrell, Jack J. Lissner, Thomas S. Gray, Jr., Marvin L. Pipkin,* for appellees.