36942. EL DIABLO, INC. v. CONWAY et al.

SMITH, Justice.

Appellant brought an action for specific performance of an alleged lease agreement. The trial court granted a temporary restraining order which prevented the subject property from being leased to any third parties pending a ruling on appellant's application

for interlocutory injunction. After a hearing, the temporary restraining order was dissolved and the application for interlocutory injunction denied. Appellant brings this appeal, asserting that a binding lease is in effect and that it will suffer irreparable harm if the interlocutory injunction is not granted. We affirm.

The property was originally leased by a Mr. Brannon Jones to Chanelo's, Inc. The lease contained the following provision: "[S]hould said lessee fail to pay said rent promptly when due, or assign this lease without the consent of the lessor in writing, or should use said rented premises for any other purpose than that herein specified, or otherwise violate any of the terms of this contract, then the lessor may at ———— option, terminate this contract, cancel the same and take immediate possession of the rented premises without waiving any rent that may have accrued at the time of cancellation, or any claim for damages for breach of the contract on the part of the lessee." Subsequently, the lease was assigned to appellee Domino's Pizza, Inc. with the written consent of the landlord. In April, 1979, Domino's Pizza and appellees Michael Conway and Way-Con, Inc. entered into an agreement entitled "Sublease." The "Sublease" states: "Tenant upon six months written notice prior to the end of the primary term of such lease or prior to the end of any renewal term, may advise Landlord of its intention to no longer remain at the above location and may be relieved from any further responsibility under said lease upon vacation of the Premises at the end of such term or renewal term thereof." The landlord did not provide written consent to this agreement.

The final draft of the document under which appellant asserts its right of possession is also entitled "Sublease." It begins: "THIS SUBLEASE, made this ———— day of ————, 1980, by and between WAY-CON ENTERPRISES, INC., first party (hereinafter called "Sublessor"); and EL DIABLO, INC., second party (hereinafter called "Sublessee"), and DOMINO'S PIZZA, INC., third party, which is franchisor of WAY-CON ENTERPRISES, INC., and the holder of the primary lease on the property described herein..." This purported agreement is signed by appellant. An officer of Domino's Pizza also signed the document, directly under the following language: "The above and foregoing sublease, having been read and approved, it is hereby accepted by Domino's Pizza, Inc." An identical acceptance provision is included for the owner of the property, but no signature was obtained thereunder. Neither Michael Conway nor any other officer of Way-Con, Inc. signed the document.

1. Appellant, citing 19 EGL 190, Landlord and Tenant, § 32, asserts that the purported "sublease" between Domino's Pizza, as

sublessors, and Way-Con, Inc. and Michael Conway, as sublessees, is legally an assignment since Domino's Pizza retained no reversionary interest in the property. Appellant argues that the original lease prohibits such an assignment and, thus, the purported sublease is ineffective. Domino's Pizza remains the only party legally authorized to sublease the premises (provided the owner of the property consents) and has in fact done so by signing the lease with appellant. Any other signatures (i.e. those of Michael Conway or Way-Con), are simply unnecessary.

The trial court rejected these contentions, finding as a matter of fact that "Way-Con, Inc. is the sublessee of the premises." However, even assuming appellant is correct in its assertions that the "sublease" of Way-Con and Michael Conway is "ineffective," the evidence nonetheless demands a finding that Domino's Pizza is not bound as sublessor to appellant under a written agreement. The purported agreement specifically provides that Way-Con is the "sublessor" of the premises. Domino's Pizza signed the document solely as a "third party." Paragraph 1 of the "agreement" states: "This sublease is acknowledged and accepted by Domino's Pizza, Inc., of Ann Arbor, Michigan (holder of the underlying prime lease) which further states that its prime lease shall remain valid and in full force for the term as outlined in paragraph 2 or for any renewals or extensions thereof even *in the event that sublessor is no longer a party to this sublease.*" (Emphasis supplied.) Contrary to appellant's contentions, the alleged agreement did not contemplate that Domino's Pizza was to be bound as appellant's sublessor. See *Garden of Eden, Inc. v. Eastern Savings Bank,* 244 Ga. 63 (257 SE2d 897) (1979). "A judgment correct for any reason will be affirmed. [Cits.]" *McLean v. McLean,* 242 Ga. 71, 72 (247 SE2d 867) (1978); *Frier v. City of Douglas,* 233 Ga. 775, 779 (213 SE2d 607) (1975).

2. Appellant contends: "Even if the approval of Way-Con, Inc. was required, the clear preponderance of the evidence would indicate that such approval was given [orally] and that the resulting contract falls outside the purview of the statute of frauds." In support of this position appellant relies on Code § 20-402 (3), which provides that the statute of frauds is inapplicable "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." The trial court held that appellant failed to show "such part performance of its obligations under any contract which would take this case outside the Statute of Frauds . . ." In our view, this holding was authorized if not demanded by the evidence. See *Allen & Bean, Inc. v. American Bankers Ins. Co.,* 153 Ga. App. 617, 619 (266 SE2d 295) (1980).

Although funds were expended in order for appellant to incorporate and obtain a beer license, "this was for preparation for performance, and not part performance of the contract itself, and was not sufficient to remove the case from the statute of frauds . . ." *Cofer v. Wofford Oil Co.,* 85 Ga. App. 444, 450 (69 SE2d 674) (1952); *Alodex Corp. v. Brawner,* 134 Ga. App. 630 (215 SE2d 527) (1975). Compare *Williams v. Southland Corp.,* 143 Ga. App. 111 (237 SE2d 639) (1977). Appellee Conway's admission that he gave certain officers of appellant the keys to the premises also fails to establish part performance of an alleged oral contract. The keys were handed over during the negotiations between the parties. This act did not signify a transfer of possession. Compare *Sikes v. Sims,* 212 Ga. 391, 392 (93 SE2d 6) (1956). At no time did appellant occupy the premises.

"[Appellant] has failed to show such part performance of this alleged lease agreement as to bring it within an exception to the Statute of Frauds." *Garden of Eden, Inc. v. Eastern Savings Bank,* supra at 65.

3. "The record in this case makes it clear to this court that the trial judge properly exercised the discretion conferred upon him by the law of this state by entering a judgment denying a temporary injunction . . ." *Huie v. Upper Flint River Clean Water &c. Assn.,* 230 Ga. 798, 799 (199 SE2d 257) (1973); *Givins v. Ga. Power Co.,* 240 Ga. 465 (241 SE2d 221) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

*Andrews & Head, William C. Head,* for appellant.
*David Montgomery,* for appellees.